JAMES H. FAULKNER, Retired Justice.
Ova Fields, Jr., was arrested on December 7, 1990, and was charged with the offenses of driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama 1975, and driving on the wrong side of the road, in violation of § 32-5A-80(a), Code of Alabama 1975. Fields was found guilty of both offenses in municipal court, and he thereafter appealed to Tallapoosa Circuit Court and demanded trial by jury. The City of Alexander City filed complaints charging that Fields violated § 32-5A-80, Code of Alabama 1975, by driving on the wrong side of the road, and § 32-5A-191, Code of Alabama 1975, by driving under the influence of alcohol, contrary to and in violation of the City’s Code of Ordinances, Section 1-8, as amended by Ordinance No. 806. The jury found Fields guilty of both offenses as charged in the complaints. With respect to the conviction for driving under the influence of alcohol, Fields 1) was sentenced to confinement in the municipal jail for six months, all but seven days of the sentence to be suspended upon payment of fine and costs; 2) was fined $500; and 3) was ordered to complete DUI school within three months of his release. With respect to the conviction for driving on the wrong side of the road, Fields was ordered to pay a fine of $100 and costs and was sentenced to seven days’ *243 confinement in the municipal jail, the sentence to run concurrently with the DUI sentence. Two issues are raised on appeal,
I
Fields contends that the complaint charging him with “willfully and unlawfully driving] or be[ing] in the actual physical control of a motor vehicle while under the influence of alcohol in violation of Section 32-5A-191, Code of Alabama 1975” was fatally defective because the complaint failed to specify under which subsection of § 32-5A-191 Fields was charged. We disagree.
The Alabama Uniform Traffic Ticket and Complaint (“UTTC”), a copy of which was given to Fields at the time of his arrest, specifically alleged that Fields did drive or was in actual physical control of a vehicle while under the influence of alcohol, in violation of § 32-5A-191(a)(2). Because the UTTC clearly alleged the proper subsection and because both the UTTC and the circuit court complaint charged Fields with driving or being in actual physical control of a vehicle while under the influence of alcohol, Fields had notice from the day of his arrest of the specific offense charged. The City of Alexander City, moreover, has not once deviated from the original UTTC charge in its circuit court prosecution.
This is not a case where the complaint failed to specify whether the defendant was alleged to be under the influence of a controlled substance, alcohol, or a combination thereof. See Bishop v. State, 555 So.2d 317 (Ala.Cr.App.1989). Nor is this a ease where the wrong UTTC form was used and the State attempted to amend its complaint from driving under the influence of alcohol to driving with .10 percent or more by weight of alcohol in one’s blood. See Sisson v. State, 528 So.2d 1159 (Ala.1988).
Hence, because the complaint charged Fields with driving under the influence of alcohol, in violation of § 32-5A-191, and because the UTTC specified that subsection (a)(2) was the appropriate subsection of § 32-5A-191 under which Fields was charged, we hold that the city’s complaint was not fatally defective for failing to specify the subsection.
II
Fields contends that the trial court committed reversible error in contravention of Rule 18.4(c), A.R.Crim.P., by refusing to allow the parties or their attorneys to ask questions of the venire during the court’s voir dire examination. We agree.
In the case sub judice, the trial court refused to allow defense counsel to ask questions directly of the venire. The court stated that because it intended to strike three juries and to try three cases in one day, the court would conduct the voir dire examination and counsel could submit written questions to the court, which the court might in turn ask the venire. Although defense counsel was given one day to prepare and to submit written questions, defense counsel did not prepare any such written questions and instead strenuously objected to the court’s method of conducting the voir dire examination, stating as grounds the language of Rule 18.4(c), A.R.Crim.P., which, counsel argued, allows counsel to question the venire directly. The trial court responded that Rule 18.4(c) did not apply to Fields’s cases and refused to entertain any oral questions proffered by defense counsel.
Rule 18.4(c), A.R.Crim.P., provides as follows:
“(c) Voir Dire Examination. The court shall permit the parties or their attorneys to conduct a reasonable examination of prospective jurors. The court also may conduct an examination of prospective jurors, and the court, in its discretion, may direct that the examination of one or more prospective jurors be separate and apart from the other prospective jurors.”
Rule 1.5, A.R.Crim.P., provides that “[tjhese rules shall govern all criminal proceedings commenced at or after 12:01 a.m., January 1, 1991.” According to the comments to Rule 1.5, a “ ‘criminal proceeding’ may be commenced only by complaint or *244 indictment, thus the determination of whether these rules are to be applied in a specific case can be determined by reference to the date of the accusatory instrument by which the case was initiated or ‘commenced.’ ”
Because the circuit court complaints against Fields were filed on September 10, 1991, and September 11, 1991, Rule 18.4(c) applies to both of Fields’s cases. Hence, the trial court erred in ruling that Rule 18.4(c) did not apply to the voir dire examination in Fields’s cases.
The comments to Rule 18.4 state that Rule 18.4 supersedes § 12-16-100, Code of Alabama 1975, as amended by Act No. 81-788, Acts of Alabama, 1981. It is important to note that the former Alabama Rules of Criminal Procedure (Temporary) do not contain any provision similar to Rule 18.4.
The comments to section (c) of Rule 18.4 state, “[S]ection (c) allows the parties or their attorneys to conduct the voir dire examination, and is in line with Alabama practice and local custom. See Rule 47(a), A.R.Civ.P.”
Rule 47(a), A.R.Civ.P., provides as follows:
“(a) Examination of Jurors. The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the Court shall permit the parties or their attorneys to supplement the examination as may be proper.”
The comments to Rule 47(a) state that
“Rule 47(a) is the same as Minn.R.C.P. 47.01. It omits language which appears in Federal Rule 47(a) and which would permit the court to put all the questions to the prospective jurors without allowing the attorneys to put any questions directly. The rule here proposed, unlike the federal rule, preserves the practice under the statute it supersedes, Code of Ala., Tit. 7, § 52, by which the parties have a right to put supplementary questions if the court has conducted the initial examination. The statute which places on the court the primary and imperative duty to ensure a qualified and impartial jury, Code of Ala., Tit. 30, § 6, is not superseded by these rules. Rule 47(a) merely provides a procedure by which that duty may be discharged.”
Comparing Rule 18.4(c) and its comments to Rule 47(a), it is readily apparent that use of the mandatory term “shall” in Rule 18.-4(c) of the Alabama Rules of Criminal Procedure requires that parties or their attorneys have the absolute right to conduct a reasonable examination of prospective jurors by questioning the venire directly. Even under the precatory language of Rule 47(a) of the Alabama Rules of Civil Procedure, whereby the court may itself conduct the voir dire examination, the court is required to permit the parties or their attorneys to supplement the examination by questioning the venire directly.
We therefore hold that the trial court erred in refusing to allow defense counsel to conduct a reasonable examination of prospective jurors by questioning the venire directly, as required by Rule 18.4(c), A.R.Crim.P., which applied to these criminal proceedings, which were commenced in circuit court after January 1, 1991.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is reversed and the cause is remanded.
JUDGMENT REVERSED AND THE CAUSE REMANDED.
All the Judges concur, except MONTIEL, J., who dissents with opinion.