MONTIEL, Judge.
Ronnie Lee Russell, the appellant, was charged with and was convicted of driving under the influence in the Municipal Court of Alexander City. The appellant appealed his conviction to the Tallapoosa Circuit Court, where a jury found him guilty of this offense. He was sentenced to 6 months’ imprisonment, with all but 15 days of that sentence suspended.
The only issue raised on appeal is whether the trial court erred by refusing to allow defense counsel to ask questions of prospective jurors during voir dire examination. Recently, this court, in Fields v. City of Alexander City, 597 So.2d 242 (Ala.Crim.App.1992), Montiel J. dissenting, held that Rule 18.4(c), A.R.Crim.P., requires that a trial judge allow defense counsel to conduct a reasonable examination of prospective jurors by questioning the venire directly. However, the Alabama Rules of Criminal Procedure do not apply to this case because this case was commenced pri- or to the effective date of the rules. See Rule 1.5, A.R.Crim.P. Furthermore, there was no counterpart to this rule in the Temporary Alabama Rules of Criminal Procedure in effect at the time.
Prior to the adoption of the permanent Alabama Rules of Procedure, either the court or the attorneys could question the venire during voir dire examination. There was no requirement that the trial court allow the parties to question the venire directly. In Alabama Power Co. v. Bonner, 459 So.2d 827, 833 (Ala.1984), overruled on other grounds, Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986), the Alabama Supreme Court stated:
“ ‘[Tjhere can be little doubt as to the law that has prevailed for many years in Alabama to the effect that in the process of selecting the jury from the venire afforded, each party has- the right to have questions formulated by it propounded to the jury, whether by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest *87 or bias on the part of prospective jurors.’ ”
Because Rule 18.4(c), A.R.Crim.P., is not applicable to the appellant’s case, the trial court did not err by refusing to allow defense counsel to question the venire directly during voir dire examination. The judgment of the trial court is affirmed.
AFFIRMED..
All the Judges concur.