These appeals come to us from the Circuit Court for Morgan County, and they involve the propriety of granting a preliminary injunction without requiring plaintiffs to give security as mandated by Rule 65 (c), Alabama Rules of Civil Procedure. Plaintiffs, numerous landowners in Morgan County, commenced an action on January 25, 1982, seeking injunctive relief to restrain defendants from their allegedly illegal deer hunting activities. After a hearing, the trial court granted a preliminary injunction against nine of the original ten defendants on January 29, 1982. One defendant was exonerated. The others appealed. They contend that the trial court erred to reversal by granting a preliminary injunction against them without requiring plaintiffs to give security pursuant to Rule 65 (c), A.R.C.P. We agree, and we, therefore, reverse and remand.
In pertinent part, Rule 65 (c), A.R.C.P., provides:
 Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorneys fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained; provided, however, no such security shall be required of the state of Alabama or of an officer or agency thereof, and provided further, in the discretion of the court, no such security may be required in domestic relations cases.
Interpreting Rule 65 (c), this court said that the rule is plain, definite, and unambiguous, and that a restraining order or preliminary injunction cannot issue without compliance with it. Lightsey v. Kensington Mortgage and Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975) (Lightsey). This court went on to say: *Page 840 
 We hold that before an injunction or restraining order is issued under ARCP 65, the giving of security by the applicant for the payment of costs, damages and reasonable attorneys fees as provided in Rule 65 (c) is mandatory, unless the trial court makes a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist. See Hutchins v. Trombley, 95 Idaho 360, 509 P.2d 579. There was no such finding in the instant case and no suggestion by the trial court in its orders that an exception did exist. It follows that the judgment of contempt must be reversed, because "there can be no injunction, and consequently no contempt for its violation, until the bond has been given." Ex parte Miller, 129 Ala. 130, 30 So. 611. See also, Annotation 12 A.L.R.2d 1093, § 21.
Lightsey, 294 Ala. at 285, 315 So.2d at 434. The trial court, therefore, erred by granting the preliminary injunction without applying Rule 65 (c).
Plaintiffs argue, nevertheless, that this is not an appropriate case in which to require security. They may be correct:
 We are aware that there are necessary exceptions to such an absolute holding in all cases under Rule 65 (c), such as requiring only a nominal security, or where the litigant is impecunious or the issue is one of overriding public concern. Wright Miller, Federal Practice and Procedure, Civil, § 2954, p. 529.
Lightsey, 294 Ala. at 285, 315 So.2d at 434. However, we express no opinion on that question. It is mandatory that security be given under Rule 65 (c), "unless the trial court makes a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist." Lightsey,supra. Here, the trial court made no such finding. Therefore, we decline to further consider plaintiffs' argument, because we cannot properly review it under the posture of this case.
Plaintiffs also argue that even if it was error to grant the preliminary injunction without applying Rule 65 (c), we need not hold the injunction void. Instead, they argue that we can remand for the trial court to consider the issue of security. In support of this argument they cite Jones v. Ewing, 56 Ala. 360
at 363 (1876). There, this court stated:
 It is against the current of our decisions to vacate process, or to dismiss suits (unless statutory requisition compels it), because of the failure to execute bonds which are intended as security against wrongful or vexatious suits. The order, on a proper application, should have been, that in a reasonable time a proper bond be executed, or the injunction discharged.
That has not been the law for a long time. Fifty years ago, that holding in Jones v. Ewing was explained as follows:
 This court held in Jones v. Ewing, 56 Ala. 360, that the failure to require a bond as a condition to a temporary injunction was an irregularity which did not render the order void, and that the only remedy of the respondent was a motion to discharge the injunction. There was then no provision for an appeal from an order overruling a motion to discharge an injunction, and mandamus was the appropriate remedy to review it. Ex parte Sayre, 95 Ala. 288, 11 So. 378; Ex parte Fechheimer, 103 Ala. 154, 15 So. 647. Such an appeal is now provided by section 6081, Code. That is still the procedure except when the court has heard the application after notice, as provided by section 8304.
Morris v. Sartain, 224 Ala. 318 at 319, 140 So. 373 at 373 (1932). Decisions of this court, more recent than Jones v.Ewing, require security as a prerequisite to the granting of a preliminary injunction. "There can be no injunction . . . until the bond has been given." Ex parte Miller, 129 Ala. 130 at 133,30 So. 611 at 612 (1901); quoted with approval in Lightsey,supra. Under the clear mandate of Rule 65 (c), and the previous decisions of this court, we have no alternative but to reverse and remand. This decision is not to be interpreted as precluding plaintiffs, should they deem it necessary, from requesting the trial court to again issue a preliminary injunction, and *Page 841 
from one being issued after the proper application of Rule 65 (c). Our holding requires that we pretermit discussion of the other issues raised by these appeals.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.