SMITH, Justice.
 

 Torie Spinks appeals from an order of the Shelby Circuit Court insofar as the order granted the motion for a preliminary injunction filed by Automation Personnel Services, Inc. (“APS”). We reverse and remand.
 

 I. Facts and Procedural History
 

 On April 9, 2009, APS filed a complaint in the trial court against Spinks and Compensation Solutions, Inc., d/b/a PeopleLink HR (“PeopleLink”). The complaint alleged, among other things, that Spinks became employed by APS on April 14, 2003; that, on January 11, 2006, Spinks entered into a written employment agreement (“the employment agreement”) with APS; that the employment agreement contained a noncompetition clause and a nonsolicitation clause, both of which would become effective upon the termination of Spinks’s employment with APS; that Spinks resigned her employment with APS in March 2009 and, in violation of the noncompetition clause in the employment agreement, immediately became employed by PeopleLink; that Spinks also violated the nonsolicitation clause in the employment agreement after she was employed by PeopleLink; and that Spinks’s violations of the employment agreement were causing APS to suffer irreparable harm. The complaint asserted three counts: count one requested declaratory relief against both defendants; count two alleged breach of contract against Spinks; and count three alleged tortious interference with contractual relations against PeopleL-ink.
 

 On May 4, 2009, APS filed both a motion for a temporary restraining order (“TRO”) and a motion for a preliminary injunction, seeking to enjoin Spinks “from her continued employment with ... PeopleLink” or, in the alternative, to enjoin “either [defendant from contacting any of APS’[s] current customers.”
 

 On June 16, 2009, Spinks filed a “motion to compel arbitration and to dismiss or stay pending arbitration.” In the motion, Spinks contended that “[t]he relationship between [APS] and Spinks is governed by an arbitration agreement [ (‘the arbitration agreement’) ] ... executed by [APS] and Spinks on or about November 10, 2003.” Spinks also contended that the arbitration agreement required that “[a]ny dispute arising out of [Spinks’s] employment with [APS] ... will be submitted to binding arbitration.” Furthermore, Spinks contended that, “[a]s this case is properly the subject of arbitration, it should not have been filed in [the trial court],” and, thus, Spinks contended, the trial court “should
 
 *188
 
 dismiss [APS’s] claims against Spinks because all claims are subject to arbitration.”
 

 After a brief hearing, the trial court, on June 30, 2009, entered an order providing as follows:
 

 “1. The Court finds that [APS] has satisfied the evidentiary burden for obtaining a preliminary injunction.
 

 “2. The Court orders Defendant Spinks to immediately cease her employment relationship with [PeopleLink], The Court further orders Defendant Spinks to immediately cease contacting any employees of [APS]; cease contact with any current customers of [APS]; and to otherwise cease violating her employment agreement with [APS].
 

 “3. The Court orders Defendant Spinks and [PeopleLink] not to resume their employment relationship until a final resolution of this matter is reached.
 

 “4. The Court hereby grants Defendant Torie Spinks’fs] Motion to Compel Arbitration and hereby compels the parties to arbitrate and stays all proceedings indefinitely.
 

 “[5]. This case is hereby removed from the court’s trial docket. The Court will retain jurisdiction for purposes of enforcing this Preliminary Injunction.”
 

 Spinks appeals from the trial court’s order insofar as it granted APS’s motion for a preliminary injunction.
 
 [1]
 

 II.Standard of Review
 

 “ ‘ “[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court’s latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal.” ’
 
 Appalachian Transp. Group, Inc. v. Parks,
 
 738 So.2d 878, 882 (Ala.1999) (quoting
 
 Teleprompter of Mobile, Inc. v. Bayou Cable TV,
 
 428 So.2d 17, 19 (Ala.1983)). This Court has defined an abuse of discretion as discretion that ‘ “exeeedfs] the bounds of reason, all the circumstances before the lower court being considered.” ’
 
 Appalachian Transp. Group,
 
 738 So.2d at 882. ‘ “Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law,” ’ and where it is clear that the trial court exceeded its discretion, the appellate court will reverse the order or the judgment. 738 So.2d at 882-83 (quoting
 
 Teleprompter of Mobile,
 
 428 So.2d at 19)(emphasis omitted).”
 

 Butler v. Roome,
 
 907 So.2d 432, 434 (Ala.2005).
 

 III.Issues
 

 Spinks raises five issues on appeal; however, the dispositive issues may be summarized as follows: (1) whether the trial court retained jurisdiction to issue the preliminary injunction against Spinks and PeopleLink when, in the same order, the trial court compelled APS’s claims against Spinks and PeopleLink to arbitration and stayed all proceedings; and (2) whether the trial court erred in issuing the preliminary injunction without requiring APS to post a bond.
 

 IV.Discussion
 

 A. Jurisdiction
 

 On appeal, Spinks argues, without specific citation to any legal authority, that the trial court was without jurisdiction to issue the preliminary injunction. Specifically, Spinks argues that the arbitration
 
 *189
 
 agreement requires that all disputes arising out of her employment with APS must be submitted to binding arbitration; that neither the employment agreement nor the arbitration agreement “carve out an exception for injunctive relief’ or “provide the circuit court any authority to provide emergency injunctive relief,” Spinks’s brief, p. 16; and that “the American Arbitration Association Rules governing employment disputes provide th[at] interim relief may be awarded by the arbitrator.”
 
 Id.
 
 Accordingly, Spinks contends, the trial court was without jurisdiction to issue the preliminary injunction, and, thus, Spinks says, “the injunction must be dissolved.”
 
 Id.
 

 Conversely, APS, citing
 
 Holiday Isle, LLC v. Adkins,
 
 12 So.3d 1173 (Ala.2008), argues that, “despite the existence of an enforceable arbitration agreement,” APS’s brief, p. 24, the trial court nonetheless had jurisdiction to issue a preliminary injunction in this case to preserve the status quo between the parties. Specifically, APS argues:
 

 “In this case, ‘status quo’ means that APS should be allowed to continue to operate its business without interference from Spinks. Spinks should not be allowed to alter the original status quo, i.e., that APS can operate its business without Spinks trying to steal its clients or . employees, or otherwise compete against APS with the benefits of proprietary and confidential information obtained during her employment with APS. That is the status which, in the absence of an injunction, cannot' be otherwise protected. Should APS be forced to await a resolution of the dispute by arbitration, with Spinks continuing to solicit business from current clients of APS and to entice away APS employees, then irreparable damage would be done to APS’s business.”
 

 APS’s brief, p. 26.
 

 In
 
 Adkins,
 
 this Court noted that the “ ‘majority of federal courts ... have concluded that in limited situations a binding arbitration clause does not bar a plaintiff from seeking emergency injunctive relief or other provisional remedies in court.’ ” 12 So.3d at 1177 (quoting
 
 Drago v. Holiday Isle, L.L.C.,
 
 537 F.Supp.2d 1219, 1221 (S.D.Ala.2007)). This Court also noted that “[t]he court in
 
 Drago
 
 specifically adopted the reasoning of the Fourth Circuit Court of Appeals in
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,
 
 756 F.2d 1048, 1052 (4th Cir. 1985), as a basis for concluding that it may order equitable relief ‘where an arbitral award could not return the parties substantially to the status quo.’ ”
 
 Adkins,
 
 12 So.3d at 1177 (quoting
 
 Drago,
 
 537 F.Supp.2d at 1222). The status quo is the “last uncontested status” of the parties preceding the commencement of the controversy.
 
 See Yeargin Constr. Co. v. Parsons & Whittemore Alabama Mach. & Servs. Corp.,
 
 609 F.2d 829, 831 (5th Cir. 1980) (citing
 
 Washington Capitols Basketball Club, Inc. v. Barry,
 
 419 F.2d 472, 476 (9th Cir.1969)).
 

 As the federal district court in
 
 Drago
 
 noted: “The analysis of whether an arbi-tral award could return the parties substantially to the status quo would appear to be identical or at least very similar to the analysis of irreparable harm .... ” 537 F.Supp.2d at 1222. In this case, if the trial court’s preliminary injunction was appropriately issued, an arbitral award likely could not return the parties to the status quo because, as the Fourth Circuit stated in
 
 Bradley:
 

 “When [a former employee] breaches h[er] employment contract by soliciting h[er] former employer’s customers, a
 
 *190
 
 nonsolicitation clause requires immediate application to have any effect. An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done. The customers cannot be ‘unsolicited.’ It may be impossible for the arbitral award to return the parties substantially to the status quo ante because the prevailing party’s damages may be too speculative.”
 

 756 F.2d at 1054. Accordingly, we conclude that the trial court had jurisdiction to issue a preliminary injunction to preserve the status quo pending completion of the arbitration proceeding.
 

 B. Payment of bond
 

 On appeal, Spinks, citing
 
 Anders v. Fowler,
 
 423 So.2d 838 (Ala.1982), and
 
 Lightsey v. Kensington Mortgage & Finance Corp.,
 
 294 Ala. 281, 315 So.2d 431 (1975), argues that the trial court erred by issuing the preliminary injunction because, Spinks says, “[t]he Order requires no bond from APS for the payment of costs, damages, and attorneys’ fees should it be found that Spinks was improperly enjoined, and the Order makes no specific finding based upon competent evidence that an exception to the mandatory bond requirement exists.” Spinks’s brief, pp. 17-18. We agree.
 

 Rule 65(c), Ala. R. Civ. P., provides:
 

 “No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained; provided, however, no such security shall be required of the State of Alabama or of an officer or agency thereof, and provided further, in the discretion of the court, no such security may be required in domestic relations cases.”
 

 Also, “ ‘there are [other] necessary exceptions to such an absolute holding in all cases under Rule 65(c), such as requiring only a nominal security, or where the litigant is impecunious or the issue is one of overriding public concern.’ ”
 
 Anders,
 
 423 So.2d at 840 (quoting
 
 Lightsey,
 
 294 Ala. at 285, 315 So.2d at 434, citing in turn Charles A. Wright & Arthur R. Miller,
 
 Federal Practice and Procedure,
 
 Civil § 2954, p. 529).
 

 APS does not contend that any of the exceptions listed above apply in this case; instead, APS, citing several federal authorities, contends that “there is authority for the fact that this requirement [of posting a bond] is not absolute.”
 
 [2]
 
 APS’s brief, p. 12. Specifically, APS notes that certain federal decisions have held that, under certain circumstances, district courts have the discretion to dispense with the bond requirement of Rule 65(c), Fed.R.Civ.P.
 
 [3]
 
 Ad
 
 *191
 
 ditionally, APS contends that this Court should apply in this case the rationale set forth in those federal decisions because, APS says, “Alabama courts have relied upon federal case law in the interpretation of Rule 65.” APS’s brief, p. 12 (citing
 
 Lightsey,
 
 294 Aa. at 285, 315 So.2d at 434). Moreover, APS contends that
 

 “[t]he rationale from the federal decisions is consistent with the express language of [Rule 65(c), Aa. R. Civ. P.], which only requires the giving of security ‘in such sums as the court deems proper.’ Further, as noted by the federal courts, the burden should be on the enjoined party to request a bond. Spinks did not make any request of the trial court for a bond prior to filing her appeal in this case.”
 

 APS’s brief, p. 15.
 

 Aabama law, however, clearly provides that “[i]t is
 
 mandatory
 
 that security be given under Rule 65(c), ‘unless the trial court makes a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist.’ ”
 
 Anders,
 
 423 So.2d at 840 (quoting
 
 Lightsey,
 
 294 Ala. at 285, 315 So.2d at 434) (emphasis added);
 
 see also Chunchula Energy Corp. v. Ciba-Geigy Corp.,
 
 503 So.2d 1211, 1215 (Aa.1987) (stating that the provisions of Rule 65(c) are “mandatory”). Furthermore, this Court has long recognized the above-stated rule.
 
 See Ex parte Miller,
 
 129 Ala. 130, 133, 30 So. 611, 612 (1901) (stating that “[t]here can be no injunction ... until the bond has been given”) (quoted with approval in
 
 Anders,
 
 423 So.2d at 840, and
 
 Lightsey,
 
 294 Ala. at 284, 315 So.2d at 433). APS’s arguments fail to convince us that we should alter this Court’s well established rule on this issue.
 
 [4]
 

 Here, the trial court issued a preliminary injunction without requiring APS to give security as mandated by Rule 65(c), Aa. R. Civ. P. Furthermore, the trial court failed to make “a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist.”
 
 Anders,
 
 423 So.2d at 840. As noted, “there can be no injunction ... until the bond has been given.”
 
 Anders,
 
 423 So.2d at 840 (quoting
 
 Ex parte Miller,
 
 129 Ala. at 133, 30 So. at 612, quoted with approval in
 
 Lightsey,
 
 294 Ala. at 285, 315 So.2d at 434). Accordingly, “[ujnder the clear mandate of Rule 65(c), and the previous decisions of this court, we have no alternative but to reverse and remand.”
 
 Anders,
 
 423 So.2d at 840;
 
 see also Chunchula Energy Corp.,
 
 503 So.2d at 1215-16 (stating that an injunction issued without the giving of security by the applicant “is defective and due to be reversed”).
 

 V. Conclusion
 

 Based on the foregoing, we reverse the trial court’s order insofar as it granted APS’s motion for a preliminary injunction, and we remand the cause to the trial court with directions to enter an order consis
 
 *192
 
 tent with this opinion. Because the preliminary injunction is invalid as a matter of law as a result of the trial court’s failure to require APS to post a bond,
 
 see Anders,
 
 423 So.2d at 840 (quoting
 
 Ex parte Miller,
 
 129 Ala. at 133, 30 So. at 612), we preter-mit as unnecessary discussion of the other issues raised by Spinks’s appeal.
 
 See Anders,
 
 423 So.2d at 841 (concluding that the trial court erred by issuing the preliminary injunction without requiring the applicant to post a bond and stating that “[o]ur holding requires that we pretermit discussion of the other issues raised by these appeals”).
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and WOODALL, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . The other defendant below, PeopleLink, is not a party to this appeal.
 

 [2]
 

 . It is unclear whether APS is referring to Rule 65(c), Ala. R. Civ. P., or Rule 65(c), Fed.R.Civ.P., or both, when it states that "there is authority for the fact that this requirement [of posting a bond] is not absolute."
 

 [3]
 

 . APS cites the following federal cases in support of its argument:
 
 International Controls Corp. v. Vesco,
 
 490 F.2d 1334, 1356 (2d Cir. 1974) ("[W]e have stated that, especially in view of the phrase — ‘as the court deems proper’ — the district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined.” (citations omitted));
 
 Doctor’s Assocs., Inc. v. Distajo,
 
 107 F.3d 126, 136 (2d Cir.1997) ("Rule 65(c)[, Fed.R.Civ.P.,] gives the district court wide discretion to set the amount of a bond, and even to dispense with the bond requirement 'where there has been no proof of likelihood of harm, or where the injunctive order was issued "to aid and preserve the court’s jurisdiction over the subject matter involved.” ' ” (citation omitted));
 
 Popular Bank of Florida v. Banco Popular de Puerto Rico,
 
 
 *191
 
 180 F.R.D. 461, 463 (S.D.Fla.1998) (“Although the language of Rule 65(c)[, Fed. R.Civ.P.,] appears to be mandatory, over the past twenty years, federa) courts have come to recognize that the district court possesses discretion over whether to require the posting of security.”); and
 
 Clarkson Co. v. Shaheen,
 
 544 F.2d 624, 632 (2d Cir.1976) ("Because no request for a bond was ever made in the district court, and because, under Fed. R.Civ.P. 65, the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court ..., the district court may dispense with the filing of a bond.” (citations omitted)).
 

 [4]
 

 . We note that, although federal authorities are persuasive when this Court interprets the Alabama Rules of Civil Procedure, federal authorities are not binding on this Court.
 
 See First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc.,
 
 409 So.2d 727, 729 (Ala.1981).