THOMAS, Judge.
On January 3, 2012, Lucille Hope sued D.M.C. Enterprises, Inc., doing business as Dean McCrary Imports and as Dean McCrary Mazda, Victoria Enterprises, LLC, and Jarrett Shaw (hereinafter referred to collectively as “D.M.C.”), stating claims of fraudulent misrepresentation, fraudulent suppression, and deceit arising from Hope’s trading in her 2008 Mercedes automobile in order to purchase a 2008 Volkswagen (‘VW”) automobile and her subsequent trading in of the 2008 VW automobile to purchase a 2012 VW automobile. According to the statement of facts in Hope’s unverified complaint, Hope went to D.M.C.’s dealership on November 30, 2011, in response to an advertisement offering a free gift in exchange for a test drive. Hope alleged that D.M.C. had “then pressured [her] into purchasing a 2008 Volkswagen even though she was driving a 2008 Mercedes.” Hope’s complaint alleged that, on the following day, she had attempted to rescind the purchase contract for the 2008 VW automobile, in part because she had learned that the 2008 VW automobile had been wrecked. However, Hope alleged in her complaint, D.M.C. had told her that her 2008 Mercedes had already been sold and then pressured her into purchasing a 2012 VW automobile. Hope further alleged that D.M.C. had misrepresented the value of the 2008 VW automobile on both occasions. According to Hope’s complaint, she did not take delivery of the 2012 VW automobile and rescinded the purchase contract for that vehicle on December 5, 2011.
Hope filed a motion she titled “Instanter Motion for Return of Vehicle” simultaneously with her complaint. Hope’s motion requested that the trial court order D.M.C. “not to dispose of [her] 2008 Mercedes and to further return said vehicle to [Hope] pending the resolution of this suit.” Hope then stated that such relief would not harm D.M.C. “due to” the following facts, as set out in her motion:
“1. [D.M.C. is] still in possession of the 2008 Mercedes.
*1106 “2. [D.M.C.’s] alleged ‘sale’ of said vehicle were [sic] done fraudulently for the purpose of deceiving [Hope].
“3. [Hope] notified [D.M.C.] on December 5th of the recision of the contract and made a demand for the return of the 2008 Mercedes.
“4. As of December 9th [Hope] saw said 2008 Mercedes advertised in [D.M.C.’s] section for used cars and said 2008 Mercedes was in [D.M.C.’s] inventory as of December 9, 2011 per the attached listing which was available from [D.M.C.’s] website.
“5. [Hope] has been denied credit in reference to the allege[d] purchase of the 2008 Volkswagen so said purchase could not be accomplished.
“6. [D.M.C. has] not paid off the lien against the 2008 Mercedes to Azalea City Federal Credit Union and so [it has] not suffered any damages reference [sic] to the transfer of said vehicle since [Hope] was unable to obtain financing for the 2008 Volkswagen, she had the contract for the 2008 Volkswagen ... voided, and [D.M.C. has] not suffered any damage because [it has] not made any payments for the payoff of the 2008 Mercedes to Azalea City Federal Credit Union.”
On January 26, 2012, D.M.C. moved to stay the proceedings and to compel arbitration under the two purchase contracts executed by Hope in conjunction with her purchase of the 2008 and the 2012 VW automobiles. Hope subsequently amended her complaint twice to add two additional claims: one alleging exploitation of a protected person under Ala.Code 1975, § 38-9-1 et seq., the Adult Protective Services Act of 1976, and one seeking detinue based on the alleged conversion of the 2008 Mercedes automobile by D.M.C. The parties also filed motions and responses regarding discovery disputes.
The trial court held a hearing on January 27, 2012, at which it considered only Hope’s motion seeking the return of the 2008 Mercedes. The record reflects that the trial court did not take oral testimony at that hearing and heard only arguments of counsel. On February 2, 2012, the trial court granted Hope’s motion in a one-line order stating no grounds. On February 7, 2012, Hope responded to the motion to compel arbitration, attaching to her response her own affidavit, in which she set out the facts underlying her action. On February 9, 2012, D.M.C. appealed the trial court’s February 2, 2012, order to the Alabama Supreme Court, which then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We note at the outset that this court entered a stay of enforcement of the February 2, 2012, order. We also determined that the February 2, 2012, order does not, as urged by D.M.C., effectively deny the motion to compel arbitration. The trial court has informed this court that Hope’s defenses to the motion to compel arbitration include issues triable to a jury; thus, the motion to compel arbitration remains pending below awaiting the resolution of Hope’s defenses and the trial court’s ultimate ruling on that motion. Therefore, the only issue before this court is the propriety of the February 2, 2012, order on Hope’s motion seeking the return of the 2008 Mercedes pending the resolution of this litigation.
Before we can consider D.M.C.’s arguments, we must determine under what rule or statute Hope’s motion sought relief. Hope’s motion does not indicate exactly what it is; the Rules of Civil Procedure do not contain reference to any “Instanter Motion” designed to seek the return of property that is the subject of litigation. However, because the nomenclature of a *1107 motion is not controlling, Sundance Marina, Inc. v. Reach, 567 So.2d 1322, 1325 (Ala.1990), “[t]he label one places on a motion is of little importance.” Rebel Oil Co. v. Pike, 473 So.2d 529, 531 (Ala.Civ.App.1985). Thus, an appellate court “considers the substance of a motion, rather than its style, in determining the kind of motion a party has filed.” Cannon v. State Farm Mut. Auto. Ins. Co., 590 So.2d 191, 193 (Ala.1991).
In some situations, determining the substance of a motion is easy, because the body of the motion might refer to a rule or include a phrase that assists this court in deciphering the motion. At other times, the parties assist this court in determining the substance of the motion. In the present case, D.M.C. argues that Hope’s motion could be considered either a motion seeking an injunction pursuant to Rule 65, Ala. R. Civ. P., or a motion seeking prejudgment seizure of property pursuant to Rule 64, Ala. R. Civ. P. We agree that the “Instanter Motion” might be considered to have been made under either of those Rules of Civil Procedure, as will be explained further, infra.[1]
D.M.C. argues first that the trial court was without jurisdiction to enter an injunction before determining whether it was entitled to compel arbitration. Although D.M.C. is correct that the federal circuits are split on this particular issue, cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1053-54 (4th Cir.1985) (concluding that a federal district court may enter an injunction pending arbitration), and Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey, 726 F.2d 1286, 1292 (8th Cir.1984) (concluding that a federal district court may not enter an injunction pending arbitration), we need not consider the rationales of the numerous federal decisions addressing this issue. Our supreme court has issued two opinions considering the same issue, which both indicate that an Alabama trial court does have jurisdiction to enter an injunction to preserve the status quo pending arbitration. Spinks v. Automation Pers. Servs., Inc., 49 So.3d 186, 190 (Ala.2010); Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1177 (Ala.2008).
D.M.C. next argues that, regardless of whether Hope’s motion is considered a motion seeking a Rule 65, Ala. R. Civ. P., injunction or a motion seeking a Rule 64, Ala. R. Civ. P., prejudgment seizure, the trial court erred in granting the motion. We agree that, for different reasons, depending on what this court considers Hope’s motion to be, the trial court’s *1108 granting of that motion was improper. See Norman v. Occupational Safety Ass’n of Alabama Workmen’s Comp. Fund, 811 So.2d 492, 499-502 (Ala.2001) (reviewing a trial court’s order enjoining disbursement of certain proceeds and ordering those proceeds to be paid into the court pending resolution of the litigation as both an order granting a Rule 65 injunction and a Rule 64 prejudgment seizure). Thus, as explained below, we reverse the trial court’s order granting Hope’s motion.

Considering the Instanter Motion as Seeking Injunctive Relief Pursuant to Rule 65

We begin our discussion of whether the trial court properly granted Hope’s motion by granting an injunction requiring D.M.C. to return the 2008 Mercedes with the appropriate standard of review in mind.
“ ‘ “ ‘[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court’s latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal.’ ” Appalachian Transp. Group, Inc. v. Parks, 738 So.2d 878, 882 (Ala.1999) (quoting Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 19 (Ala.1983)). This Court has defined an abuse of discretion as discretion that" ‘exceed[s] the bounds of reason, all the circumstances before the lower court being considered.’ ” Appalachian Transp. Group, 738 So.2d at 882. “ ‘Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law,’ ” and where it is clear that the trial court exceeded its discretion, the appellate court will reverse the order or the judgment. 738 So.2d at 882-83 (quoting Teleprompter of Mobile, 428 So.2d at 19)(emphasis omitted).’ ”
Spinks, 49 So.3d at 188 (quoting Butler v. Roome, 907 So.2d 432, 434 (Ala.2005)).
We are not entirely convinced that the trial court’s order granting Hope’s motion actually grants injunctive relief. As D.M.C. points out, the trial court’s order is insufficient to qualify as an order granting an injunction. Rule 65(d)(2) states, in pertinent part, that “[e]very order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.... ” The trial court’s one-sentence order granting Hope’s motion does not contain any of the required information. It is possible that, on that basis alone, the order, if it was intended to grant an injunction, is due to be reversed. See Monte Sano Research Corp. v. Kratos Def. & Sec. Solutions, Inc., 99 So.3d 855, 863 (Ala.2012) (reversing an order granting an injunction, in part, because the trial court’s order failed to comply with Rule 65(d)(2)). However, we find further fault with the trial court’s possible grant of an injunction in favor of Hope.
D.M.C. contends that the trial court erred in granting an injunction without requiring Hope to post a bond, as required by Rule 65(c). In response, Hope argues that the issue whether the trial court erred in failing to set a bond was waived by D.M.C. because it neither requested that the trial court set a bond nor raised the issue before the trial court. However, our supreme court has rejected the argument that it is incumbent on the enjoined party to request that the trial court set a bond. See Spinks, 49 So.3d at *1109 191. Furthermore, Hope argues that the trial court routinely grants injunctive relief in family-law matters without requiring security and therefore has plenary power to enter an injunction without requiring a bond; her contention is sorely lacking in authority. Rule 65(d) permits the trial court, in its discretion, to dispense with security for injunctions in domestic-relations matters. Thus, the fact that the trial court can enter an injunction without requiring security in a domestic-relations matter does not support the proposition that the trial court may dispense with the requirement of security in any other case.
Hope also argues that D.M.C.’s decision to appeal from the February 2, 2012, order before the trial court could hold a hearing on her motion to require D.M.C. to post a bond in lieu of returning the 2008 Mercedes should estop D.M.C. from being able to rely on the trial court’s failure to require Hope to post a bond under Rule 65(c). Because our supreme court has made it clear that under Rule 65(c) a bond is required before the issuance of an injunction, see Lightsey v. Kensington Mortg. & Fin. Corp., 294 Ala. 281, 285, 315 So.2d 431, 434 (1975) (“We hold that before an injunction or restraining order is issued under [Rule] 65, the giving of security by the applicant for the payment of costs, damages and reasonable attorneys fees as provided in Rule 65(c) is mandatory ....”), we fail to see how Hope’s later request to have D.M.C., the party enjoined, post a bond for a different purpose could have any bearing on the failure of the trial court to require Hope to pay the bond required under Rule 65(c). Finally, Hope argues that the we could affirm the trial court’s order despite the lack of a bond by treating the order as one granting a permanent injunction. See Dobbins v. Getz Exterminators of Alabama, Inc., 382 So.2d 1135, 1138 (Ala.Civ.App.1980) (stating that “no rule, statute, or case requires [the posting of] a bond” by the party securing a permanent injunction). Of course, as opposed to a preliminary injunction, which requires a showing of a likelihood of success on the merits of the litigation, a permanent injunction requires proof of success on the merits of the litigation. TFT, Inc. v. Warning Sys., Inc., 751 So.2d 1238, 1242 (Ala.1999), overruled on other grounds, Holiday Isle, LLC v. Adkins, 12 So.3d 1173 (Ala.2008). In light of the posture of this litigation, which has not reached a conclusion such that Hope could have demonstrated success on the merits, we decline Hope’s invitation to treat the trial court’s February 2, 2012, order as one granting a permanent injunction.
Rule 65(c) requires that a bond be posted; it states:
“No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained; provided, however, no such security shall be required of the State of Alabama or of an officer or agency thereof, and provided further, in the discretion of the court, no such security may be required in domestic relations cases.”
Although there are exceptions to the requirement of a bond, “ ‘ “such as requiring only a nominal security, or where the litigant is impecunious or the issue is one of overriding public concern,” ’ ” Spinks, 49 So.3d at 190 (quoting Anders v. Fowler, 423 So.2d 838, 840 (Ala.1982) (quoting in turn Lightsey, 294 Ala. at 285, 315 So.2d at 434)), our supreme court has long taken the position that the posting of a bond is *1110 mandatory unless the trial court specifically applies an applicable exception to the need for a bond. Spinks, 49 So.3d at 190; Lightsey, 294 Ala. at 285, 315 So.2d at 434 (holding that the bond required by Rule 65(c) “is mandatory, unless the trial court makes a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist”). Although Hope argues that this court should consider whether exigent circumstances to dispense with a bond exist under Anders, which does note that exceptions to the mandatory bond requirement exist, she clearly misunderstands Anders, for the Anders court, like the Lightsey court, refused to consider on appeal whether any such exceptions existed because the trial court had not made a finding that any exceptions existed. Anders, 423 So.2d at 840 (stating, in response to the argument by the appellees that “this is not an appropriate case in which to require security” for an injunction, “we express no opinion on that question” because the trial court had not made a finding regarding any exception to the requirement of security). Thus, we conclude, as explained above, that the trial court erred in granting Hope’s motion through application of Rule 65 without requiring the posting of a bond.

Considering the Instanter Motion as Seeking Prejudgment Seizure of Property Pursuant to Rule

As noted above, D.M.C. has argued that the trial court’s order granting Hope’s motion could also be considered to be an order granting prejudgment seizure of the 2008 Mercedes pursuant to Rule 64. Notably, well after Hope sought return of the 2008 Mercedes but before the trial court granted her motion, Hope amended her complaint to add a claim for detinue, in which she sought the return of the 2008 Mercedes. According to our supreme court, “Rule 64(b) sets forth the procedure for pre-judgment seizure when the action is for the recovery or possession of specific personal property, as when the action is for detinue.” Jones v. Central Bank of the S., 466 So.2d 932, 933 (Ala.1985).[2]
As D.M.C. correctly points out, Hope’s motion failed to meet the requirements set out in Rule 64(b). The Rule sets out the procedure a party seeking prejudgment seizure must follow:
“(b) Procedure for Seizure of Property. Whenever any provision of law is invoked through which there is an attempt to seize property through judicial process prior to the entry of judgment, the procedure on application for such a pre-judgment seizure shall be as follows:
“(1) Affidavit. The plaintiff shall file with the court an affidavit on personal knowledge, except where specifically provided otherwise, containing the following information:
“(A) Description of Property. A description of the claimed property that is sufficient to identify the property and its location.
“(B) Statement of Title or Right. A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right and, if the plaintiffs interest in such property is based on a written instrument, a copy of said instrument must be attached to the affidavit.
*1111 “(C) Statement of Wrongful Detention. A statement of specific facts which show that the property is wrongfully detained by the defendant and a statement of the cause of such detention according to the best knowledge, information and belief of the plaintiff.
“(D) Statement of Risk of Injury. A statement of specific facts in support of the contention, if any, that there is risk of concealment, transfer or other disposition of or damage to the property to the injury of the plaintiff.”
Rule 64(b).
As noted above, at the time the trial court granted Hope’s motion on February 2, 2012, the only information before the trial court relating to Hope’s claims was her unverified complaint. Hope’s affidavit detailing the events giving rise to her claims was not before the trial court until it was submitted in support of her opposition to the motion to compel arbitration on February 7, 2012. The trial court could not have relied upon it; neither will we. Cf. Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc., 512 So.2d 99, 101 (Ala.1987) (quoting Osborn v. Johns, 468 So.2d 108, 108 (Ala.1985) (quoting in turn Guess v. Snyder, 378 So.2d 691, 692 (Ala.1979))) (stating, in the context of appellate review of an order entered on a summary-judgment motion, “[i]t is well recognized that £“[t]he trial court can consider only that material before it at the time of submission of the motion” and that any material filed thereafter “comes too late” ’ ”).
Hope argues that the affidavit requirement in Rule 64(b) relates only to situations when the trial court does not set a hearing on the motion seeking prejudgment seizure. We do not read Rule 64 to dispense -with the requirement of an affidavit in cases where the trial court sets the motion for a hearing; in fact, Rule 64(b) states that “the procedure on application for such a pre-judgment seizure shall be as follows.” (Emphasis added.) The use of the term “shall” in a rule mandates compliance with the procedure set out in that rule. Fields v. City of Alexander City, 597 So.2d 242, 244 (Ala.Crim.App.1992) (concluding that the use of the term “shall” mandated a procedure outlined in a Rule of Criminal Procedure be followed). In addition, both this court and our supreme court have held that “parties seeking to have the trial court seize an opposing party’s assets must strictly comply with Rule 64.” Norman, 811 So.2d at 502; Ex parte Boykin, 568 So.2d 1243, 1245 (Ala.Civ.App.1990).
When a trial court receives a Rule 64 motion, Rule 64 requires it to, “without delay, ... examine the complaint, the application and supporting affidavit and its attachments and any further showing offered by the plaintiff in support of the plaintiffs right to the immediate possession of the property.” Rule 64(b)(2)(A). The trial court then has the option of ordering a seizure of the property without a hearing, after which certain actions not pertinent here are required, see Rule 64(b)(2)(B), or setting the matter for a hearing. See Rule 64(b)(2)(C). The trial court in the present case set the matter for a hearing. Thus, the trial court proceeded under Rule 64(b)(2)(C).
Under Rule 64(b)(2)(C), “[a]t such hearing the plaintiff shall have the burden of showing good cause for the prejudgment seizure or attachment.” The trial court did not hold an evidentiary hearing; instead, the trial court heard only arguments of counsel, which are not evidence. Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000) (declining to consider statements in a motion as evidence *1112 supporting a motion to compel arbitration). We conclude, therefore, that the record, at the time the trial court entered its order granting Hope’s motion, failed to contain any evidence showing good cause for the prejudgment seizure of the 2008 Mercedes.

Conclusion

Having considered the order granting Hope’s motion as both an order granting an injunction under Rule 65 and an order granting a prejudgment seizure under Rule 64, we conclude that the trial court erred in granting Hope’s motion requesting the return of the 2008 Mercedes. Insofar as the order could be considered as granting an injunction, the order is faulty because it fails to comply with Rule 65(d)(2) and because the trial court did not require Hope to post a bond. Insofar as the order could be considered as granting a Rule 64 prejudgment seizure, the trial court lacked the requisite information to grant Hope the relief she requested because Hope failed to file the necessary affidavit. Accordingly, we reverse the trial court’s February 2, 2012, order granting Hope’s “Instanter Motion for Return of Vehicle.”
REVERSED AND REMANDED.
PITTMAN and MOORE, JJ., concur.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.

. We reject Hope's attempts to characterize the granting of her motion as either a discovery sanction for failing to answer a question posed by the trial court at the hearing on the motion pursuant to Rule 37(b)(2)(C), Ala. R. Civ. P., or as a contempt order imposed on D.M.C. because of its counsel's behavior in court pursuant to Ala.Code 1975, § 12-1-8. We do not have a transcript of the motion hearing before the trial court, and the order granting the motion does not indicate that it is intended to be a discovery sanction or a contempt order. We also question the ability of a trial court to seize property as a contempt sanction. The penalty for criminal contempt is set out in Ala.Code 1975, § 12-11-30(5) (stating that a circuit court may sentence a criminal contemnor to imprisonment of not more than five days and impose a fine of not more than $100), and civil contempt, because it is designed to be coercive as opposed to penal, involves commitment pending compliance with a court order. Rule 70A(e)(2), Ala. R. Civ. P. Notably both forms of contempt must place the contemnor "in a position to purge himself from the contempt,” either by compliance with a court’s order or by paying a fine or serving the sentence imposed. Hill v. Hill, 637 So.2d 1368, 1370 (Ala.Civ.App.1994). We can perceive no relation between the trial court’s order granting Hope's motion for return of the 2008 Mercedes and the power of the trial court to impose sanctions for contempt.

. In her brief on appeal, Hope specifically relies on Ala.Code 1975, § 6-6-42, a part of Alabama’s attachment statutes, codified at Ala.Code 1975, § 6-6-40 et seq., and not the statutes governing detinue actions. However, this court has determined that Rule 64 is applicable to attachments under that statute as well. Ex parte Boykin, 568 So.2d 1243, 1244 (Ala.Civ.App.1990).