Rel:  September 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2024-0532

_____

## Ex parte Alabama Medical Cannabis Commission

## PETITION FOR WRIT OF MANDAMUS

## (In re:  Jemmstone Alabama, LLC

## v.

## Alabama Medical Cannabis Commission)

## (Montgomery Circuit Court:  CV-23-901800)

_____

### CL-2024-0533

_____

## Ex parte Alabama Medical Cannabis Commission

## PETITION FOR WRIT OF MANDAMUS

## (In re:  Alabama Always, LLC, et al.

## v.

## Alabama Medical Cannabis Commission)

## (Montgomery Circuit Court:  CV-23-231)

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

———————————————

**CL-2024-0589**

———————————————

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Alabama Always, LLC, et al.**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-23-231)**

———————————————

**CL-2024-0590**

———————————————

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Southeast Cannabis Company, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-23-901637)**

———————————————

**CL-2024-0591**

———————————————

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Pure By Sirmon Farms, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-23-901802)**
_____

**CL-2024-0592**
_____

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Verano Alabama, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-24-900009)**
_____

**CL-2024-0593**
_____

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

3

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

**(In re:  TheraTrue Alabama, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-23-901653)**
_____

**CL-2024-0594**
_____

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Yellowhammer Medical Dispensaries, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court:  CV-23-901798)**

PER CURIAM.

The Alabama Medical Cannabis Commission ("the AMCC") petitions this court to issue a writ of mandamus to the Montgomery Circuit Court ("the circuit court") compelling the circuit court to comply with this court's mandate in Ex parte Alabama Medical Cannabis Commission, [Ms. CL-2024-0073, June 21, 2024] ___ So. 3d ___ (Ala. Civ.

4

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

App. 2024) ("AMCC I"), and to vacate all orders inconsistent with that mandate. We grant the petitions in part and deny them in part.

Background

In AMCC I, the AMCC petitioned this court to issue a writ of mandamus ordering the circuit court to vacate two discovery orders that it had entered in case number CV-23-231 -- Alabama Always, LLC v. Alabama Medical Cannabis Commission -- the "master case" for ongoing mass litigation relating to the licensing of businesses within the Alabama medical-cannabis industry. This court dismissed the petition as moot, concluding that

> "the [two discovery] orders entered in the master case are void orders arising from an action [(the master case)] that is barred by the doctrine of sovereign immunity. We direct the circuit court to dismiss the master case and to vacate all orders entered in that case including the [two discovery] orders. We dismiss this mandamus petition as moot."

AMCC I, ___ So. 3d at ___ (emphasis added).

Many of the orders entered in the master case pertained to the cases purportedly consolidated with the master case, including the following actions filed by disappointed applicants for medical-cannabis integrated-facility licenses: Southeast Cannabis Company, LLC v. Alabama Medical

5

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

Cannabis Commission, CV-23-901637; Pure By Sirmon Farms, LLC v. Alabama Medical Cannabis Commission, CV-23-901802; Verano Alabama, LLC v. Alabama Medical Cannabis Commission, CV-24-900009; TheraTrue Alabama, LLC v. Alabama Medical Cannabis Commission, CV-23-901653; Yellowhammer Medical Dispensaries, LLC v. Alabama Medical Cannabis Commission, CV-23-901798; and Jemmstone Alabama, LLC v. Alabama Medical Cannabis Commission ("the Jemmstone action"), CV-23-901800.

Upon motions filed in the above actions, the circuit court, between June 25, 2024, and July 16, 2024, and over the objection of the AMCC, entered orders directing the circuit-court clerk to "place" or "file" certain pleadings, motions, orders, and other documents into the records of those actions that had previously been entered only in the master case. Additionally, the circuit court amended the State Judicial Information System ("SJIS") case-action-summary sheets in some of those actions to add the individual AMCC members as parties.

On July 11, 2024, the circuit court entered an order in the master case ("the dismissal order") providing, in pertinent part:

6

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

"Pursuant to the Opinion in Ex parte Alabama Medical Cannabis Commission, CL-2024-0073 (Ala. Civ. App. June 21, 2024), it is ORDERED as follows:

"1. This action is DISMISSED.

"2. All orders rendered and entered in this action are VACATED....

"All prior orders rendered in other cases which remain pending before this Court, but which were filed into ... the Alacourt filing system within this case file while it functioned as a Master Case File, shall remain in full force and effect. As explained on the record in hearings and in this Court's May 16, 2024[,] Order (Doc. 1071), it was and remains the Court's intent to have rendered and entered orders in the various cases over which this Court still exercises jurisdiction, regardless of the case file into which the rendered orders were placed."

On July 9, 2024, and July 25, 2024, respectively, the AMCC filed petitions for the writ of mandamus, challenging the circuit court's orders. We consolidated the petitions, which arise out of the master case and the actions filed by disappointed applicants, as described above.

Issues

The AMCC argues that the circuit court failed to strictly comply with this court's mandate in AMCC I because it did not simply dismiss the master case and vacate all the orders entered in that case; instead, it says, the circuit court took additional actions that were not expressly

7

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

permitted by our mandate by "transferring" the orders, other documents, and parties from the master case to the other cases. Furthermore, the AMCC argues that the circuit court purported to retain jurisdiction over orders that were entered in the master case but that pertained to the other actions.

We do not address the issue raised by the AMCC in its petitions regarding the alleged addition of the AMCC's members to some of the actions. Any error the circuit court may have committed in amending the SJIS in some of the actions to add the individual AMCC members as parties does not impact the AMCC itself, which is a separate entity without standing to assert the rights of its constituent members. See Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0463, Aug. 23, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) ("AMCC II"). The AMCC's members are mentioned in the mandamus petitions, but they are not petitioners themselves, so any issues regarding their rights are not properly before us in these petitions. Id.

## Standard of Review

"[A] petition for the writ of mandamus is the appropriate vehicle for seeking a trial court's compliance with an appellate-court mandate or

8

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

directive," Ex parte W.L.K., 222 So. 3d 357, 358 (Ala. Civ. App. 2015), including a mandate or directive issued in previous mandamus proceedings. See Ex parte C.H., [Ms. CL-2023-0820, Feb. 16, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (issuing writ of mandamus compelling juvenile court to comply with mandate from previous opinion granting writ of mandamus). "The question of whether a trial court ... has correctly interpreted and applied an appellate court's decision is properly reviewable by a petition for a writ of mandamus." Ex parte United States Fid. & Guar. Co., 585 So. 2d 922, 924 (Ala. 1991).

> "Mandamus is a drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."

Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993).

## Analysis

"'It is the duty of the trial court ... to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court

9

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

may be entered ....'" Ex parte Alabama Power Co., 431 So. 2d 151, 155 (Ala. 1983) (quoting 5 Am. Jur. 2d, Appeal and Error § 991 (1962)).

In AMCC I, this court ordered the circuit court to dismiss the master case and to vacate all orders entered in that case because they were void. In footnote 7 of that opinion, however, this court noted that the opinion did not address the validity of any orders that may have been entered separately in the Jemmstone action, which might be effective in that case. We implicitly recognized in AMCC I that the circuit court could have entered identical orders in the consolidated cases and that the voidness of the orders entered in the master case would not affect the validity of the same orders entered in the other actions.

In the underlying cases, the circuit court evidently believed that it had entered the orders relevant to these mandamus petitions in both the master case and the consolidated cases to which they pertained. Rule 42(a), Ala. R. Civ. P., provides:

> "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

10

(Emphasis added.) The circuit court had ordered that all "filings," including orders, would be "filed" only in the master case as a matter of administrative convenience, but, according to the dismissal order, the "intent" was that all orders would also be "entered" in the consolidated action to which it "related."

However, Rule 58(c), Ala. R. Civ. P., provides, in pertinent part:

"Upon rendition of an order or a judgment ..., the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed 'entered' within the meaning of these Rules [of Civil Procedure] and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System."

For purposes of Rule 58(c), an order is "entered" in a particular case only when that order is input into the SJIS on the case-action-summary sheet bearing the case number. See Kornegay v. Kornegay, 369 So. 3d 1052, 1061 (Ala. Civ. App. 2022). Regardless of the language in Rule 42(a), when cases are consolidated, each case retains its separate identity and "judgments or orders must be entered separately in each consolidated case in order to resolve the issues in each case." Ex parte Glassmeyer, 204 So. 3d 906, 908-09 (Ala. Civ. App. 2016). Despite its subjective intention, the circuit court did not "enter" an order in a "related"

11

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

consolidated case by referencing that case in an order that was entered only in the record in the master case. See AMCC II, supra.

In the dismissal order, the circuit court indicated that those orders that had been rendered as to pending cases, but which had been entered only in the master case, would remain "in full force and effect." However, in AMCC I, this court specifically determined that all the orders entered in the master case were void, i.e., without legal effect. See City of Huntsville v. COLSA Corp., 71 So. 3d 637, 642 (Ala. 2011). The circuit court was not free to reconsider that issue, which had become the law of the case. See Ex parte King, 821 So. 2d 205 (Ala. 2001). To the extent that the dismissal order purports to give those orders validity, the order violates our mandate in AMCC I, and that part of the dismissal order is due to be vacated. See S&M Assocs., Inc. v. Players Recreation Grp., LLC, [Ms. SC-2023-0394, Apr. 12, 2024] ___ So. 3d ___, ___ (Ala. 2024) ("'"[A]ny act by a trial court beyond the scope of an appellate court's [mandate] is void for lack of jurisdiction.'"'" (quoting Jackson v. State, 177 So. 3d 911, 939 (Ala. Crim. App. 2014))). Thus, we grant the petitions insofar as they seek a vacatur of the last full paragraph of the dismissal

12

order, and we direct the circuit court to refrain from exercising continuing jurisdiction over any orders entered in the master case.

The question remains as to whether the circuit court violated our mandate by entering orders and other filings into the pending cases that had previously been entered only in the master case. An order that is void ab initio is a legal nullity that cannot be given any lawful effect in collateral proceedings. See Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001). Thus, the circuit court could not "transfer" the void orders from the master case to the other cases to give them legal effect. The AMCC maintains that the circuit court did just that because the circuit-court clerk scanned the void orders and filings from the master case and input those into the records of the other cases. We disagree.

"[A]n appellate court 'considers the substance of a motion, rather than its style, in determining the kind of motion a party has filed.'" D.M.C. Enters., Inc. v. Hope, 100 So. 3d 1102, 1107 (Ala. Civ. App. 2012) (quoting Cannon v. State Farm Mut. Auto. Ins. Co., 590 So. 2d 191, 193 (Ala. 1991)). In the relevant motions, the movants did not request that the void orders from the master case be transferred to their cases; instead, the movants requested that the circuit court additionally enter

13

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

the orders and other filings in the record of their respective actions. In substance, the motions only asked the circuit court to comply with Rule 58(c) and the law from Ex parte Glassmeyer by entering the pertinent orders and other filings in each consolidated action so that those orders and filings would become effective in those cases as originally intended by the circuit court. See Rollins v. Rollins, 903 So. 2d 828, 832 (Ala. Civ. App. 2004) (holding that, "even though a judgment may have been rendered by the trial judge, the judgment is not effective until it is entered"). The circuit court did not remove the void orders and filings from the record in the master case, where they remain, and transfer them to the other actions; it copied those orders and filings and entered them in the other actions. Trial courts commonly enter identical orders in related cases when it resolves common issues, and we do not see any reason why the circuit court could not adhere to that practice in the underlying cases to carry out its original intent.

We conclude that the circuit court did not violate our mandate in AMCC I by rectifying its earlier error and entering the orders and other filings into the other pending cases. In mandating that the circuit court vacate the void orders entered in the master case, we did not intend to

14

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

deprive the circuit court of the power to enter orders and other filings in the other related cases to resolve the issues in those cases. We intended only that the master case would be dismissed and that all of the orders entered therein would be vacated. Thus, we deny the petitions for a writ of mandamus insofar as they request this court to direct the circuit court to enter an order striking or vacating the orders and other filings entered in the pending cases other than the master case.

In reaching our decision, we express no opinion as to the validity of the actions, other than the master case, or of the enforceability of the orders now entered in those actions, which are issues not before this court in these mandamus proceedings.

CL-2024-0532 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0533 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0589 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0590 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

15

CL-2024-0532, CL-2024-0533, CL-2024-0589, CL-2024-0590, CL-2024-0591, CL-2024-0592, CL-2024-0593, and CL-2024-0594

CL-2024-0591 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0592 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0593 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

CL-2024-0594 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

All the judges concur.