CRAWLEY, Judge.
On November 20, 2001, Melissa Isaak filed a complaint for a temporary restraining order against her former boyfriend, Johnny Grice, alleging that Grice had engaged in acts of harassment, intimidation, and stalking, in violation of § 13A-6-90, Ala.Code 1975. On the same day, the circuit court granted Isaak the relief she sought and set a hearing for December 18, 2001, to determine whether to make the restraining order permanent. Grice did not appear on December 18; the circuit court issued a permanent restraining order. Subsequently, Grice notified the court that he had not received notice of the hearing. The circuit court reset the matter for a hearing on March 20, 2002.
At the March 20 hearing, Grice’s counsel moved for a mutual restraining order. Is-aak’s counsel objected, stating that Isaak had taken no actions against Grice to warrant the issuance of a restraining order against her. Grice testified that Isaak had told him that she knew people at Fort Rucker and could ruin his job. In answer to a question from his attorney inquiring whether he was “coneemfed] that [Isaak] may follow through with these threats and cause a problem to [his] employment,” Grice answered “yes.”
The circuit court entered an order that states, in its entirety:
“This matter came before the Court on [Isaak’s] Motion for Restraining Order against [Grice], Hearing was held on March 20, 2002. Isaak was present along with her attorney.... [Grice] was present along with his attorney.... Sworn testimony was taken by the Court.
“Based on the evidence produced at the hearing, the testimony of the part[ies] and argument of counsel, it is ORDERED, ADJUDGED AND DECREED as follows:
“1. That [Grice] shall be permanently restrained from contacting [Isaak] either directly or indirectly in any manner. Further, [Grice] is restrained from going within 100 feet of [Isaak’s] residence or place of employment.”
“2. [Isaak] shall be permanently restrained from contacting [Grice] either directly or indirectly in any manner. Further, [Isaak] is restrained from going within 100 feet of [Grice’s] residence or place of employment.
“3. Both parties shall be permanently restrained in accordance with the terms of this Order.
“4. Should either party violate the terms of this Order in any manner, such violation shall be punishable by the Contempt power of this Court. Both parties are reminded that the Court’s Contempt powers are broad, and include a range of remedies up to, and including imprisonment in the County Jail for violations of this Order.
“Therefore, both parties shall be permanently restrained in accordance with the conditions of this Order.”
Isaak makes two arguments on appeal: (1) that the evidence was insufficient to authorize the entry of a mutual restraining order and (2) that the permanent restraining order does not meet the mandatory requirements of Rule 65(d)(2), Ala. R. Civ. P. The resolution of Isaak’s second argument makes discussion of her first argument unnecessary.
The circuit court’s order fails to comply with Rule 65(d)(2), Ala. R. Civ. P. That rule states, in pertinent part:
“(2) Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and *260 not by reference to the complaint or other document, the act or acts sought to be restrained.... ”
The requirements of Rule 65(d)(2) are mandatory. Appalachian Transp. Group, Inc. v. Parks, 738 So.2d 878, 883 (Ala.1999); Teleprompter of Mobile Inc. v. Bayou Cable TV, 428 So.2d 17, 19 (Ala.1983). The order fails to comply with Rule 65(d)(2) because it does not set forth the reasons for the issuance of the permanent restraining order. See, e.g., Tapscott v. Fowler, 437 So.2d 1280 (Ala.1983). In addition, the order fails to state that irreparable harm would occur without the issuance of the restraining order. See Elliott v. Ole Town Ventures, 777 So.2d 132, 134 (Ala.Civ.App.2000). The Alabama Supreme Court stated in Bankruptcy Authorities, Inc. v. State, 592 So.2d 1042, 1044-45 (Ala.1992):
“It is apparent that the permanent injunction does not comply with Rule 65(d)(2). First, there are no specific reasons stated for the issuance of the permanent injunction.... Rule 65(d)(2) states in mandatory terms that an injunction must recite the specific reason or reasons for its issuance ”
Because the trial court did not comply with the mandatory requirements of Rule 65(d)(2), that part of the restraining order purporting to restrain or enjoin Isaak from contacting Grice or from “going within 100 feet of [Grice’s] residence or place of employment” is due to be dissolved. The judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.