This appeal is from a preliminary injunction prohibiting James L. Butler, Sr., and his agents from interfering in the operation of Jailbusters of Marshall County, Inc., a bail-bonding business; from conducting business on behalf of Jailbusters of Marshall County, Inc.; and from harassing Brenda Kay Roome and members of her immediate family.
 Facts
In January 2003, Butler and Roome entered into a business relationship for the purpose of operating a bail-bonding business. The business was incorporated as Jailbusters of Marshall County, Inc. Butler owned a majority of the stock in the corporation. Before Jailbusters of Marshall County opened for business, Butler and Roome executed a document entitled "Corporate resolution vesting day to day control to minority shareholder Kay Roome." Shortly after the business opened, however, Butler and Roome disagreed over the meaning of the document and how the day-to-day operations of the business were to be conducted. On June 7, 2004, Butler attempted to terminate Roome's employment at the business. On June 9, 2004, Roome sued Butler, alleging fraud, promissory estoppel, and breach of contract. Additionally, Roome requested an injunction, including a preliminary injunction, to preserve her business interest in Jailbusters of Marshall County, Inc., and to permit her to continue to be employed by the business.
After conducting a hearing on Roome's request for a preliminary injunction, the trial court granted the temporary relief Roome requested. The order stated:
 "Based upon testimony and exhibits presented at the hearing, [Butler] and his agents or others acting on his behalf are immediately enjoined, subject to further orders of the Court from the following: *Page 434 
 "1. Interfering with [Roome's] operation of and employment with Jailbusters of Marshall County, Inc.;
 "2. Conducting business in any way on behalf of Jailbusters of Marshall County, Inc.;
 "3. Harassing, intimidating, threatening or in any way abusing [Roome] and members of her immediate family.
 "Further, [Roome] is authorized to execute bonds on behalf of Jailbusters of Marshall County, Inc., subject to acceptance by agencies accepting such bonds according to applicable law.
 "The Court is not determining, at this time, any other factual disputes.
 "[Roome] will be held accountable for all business and financial transactions of the subject business, and is to comply with all applicable law in operating said business. [Roome] shall post a $1000.00 cash bond with clerk of this court within 7 days."
 Standard of Review
"`[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court's latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal.'" Appalachian Transp. Group, Inc. v. Parks,738 So.2d 878, 882 (Ala. 1999) (quoting Teleprompter of Mobile, Inc. v.Bayou Cable TV, 428 So.2d 17, 19 (Ala. 1983)). This Court has defined an abuse of discretion as discretion that "`exceed[s] the bounds of reason, all the circumstances before the lower court being considered.'" Appalachian Transp. Group,738 So.2d at 882. "`Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law,'" and where it is clear that the trial court exceeded its discretion, the appellate court will reverse the order or the judgment.738 So.2d at 882-83 (quoting Teleprompter of Mobile,428 So.2d at 19) (emphasis omitted).
 Legal Analysis
Butler contends that the trial court's order fails to comply with Rule 65(d)(2), Ala. R. Civ. P., and, therefore, that the preliminary injunction is due to be dissolved. We agree. Rule 65(d)(2), Ala. R. Civ. P., requires:
 "Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained. . . ."
This Court has repeatedly held that the language of Rule 65(d)(2) is mandatory and requires that an order issuing a preliminary injunction state reasons for issuing the injunction and that it be specific in its terms. Appalachian Transp.Group, 738 So.2d at 883; Bankruptcy Auths., Inc. v. State exrel. Evans, 592 So.2d 1042, 1044-45 (Ala. 1992); Teleprompterof Mobile, 428 So.2d at 20; and Tapscott v. Fowler,437 So.2d 1280, 1282 (Ala. 1983).
In Teleprompter of Mobile, the plaintiff cable company alleged that the defendant cable company had intentionally cut the plaintiff's cables while installing its own cables. The trial court entered a preliminary injunction enjoining the defendant from cutting the plaintiff's buried television cables, which stated:
 "`This cause coming on to be heard on application for Preliminary Injunction . . . and the Court hearing testimony *Page 435 
offered and exhibits presented into evidence and the Court having duly considered all matters . . . the Court at this time is of the opinion that the Preliminary Injunction should issue, and upon consideration, it is ORDERED and DECREED by the Court that a Preliminary Injunction, be, and hereby is issued in this cause restraining the Defendants and each of them, from willfully and wantonly cutting, tampering, or otherwise obstructing Plaintiff's television cables or interfering with the signals passing through them, pending a hearing on the merits of this cause, upon the Plaintiff posting a bond with the Register of this Court. . . .'"
Teleprompter of Mobile, 428 So.2d at 20.
After reviewing the order, this Court held:
 "It is apparent the order does not comply with Rule 65(d)(2)[, Ala. R. Civ. P]. There are no reasons given for the issuance of the preliminary injunction; not even a recital that irreparable loss to [the plaintiff cable company] will result if the injunction is not issued. Under Rule 65 it is mandatory that a preliminary injunction order give reasons for issuing the injunction, be specific in its terms, and describe in reasonable detail the act or acts sought to be restrained."
428 So.2d at 20 (emphasis added).
Applying our holding in Teleprompter of Mobile and its progeny to the facts of this case, we must dissolve the preliminary injunction because the trial court's order does not satisfy the mandatory requirements of Rule 65(d)(2), Ala. R. Civ. P. Like the order reviewed in Teleprompter of Mobile, the trial court's order in this case does not contain the reasons for its issuance, nor does the order state that Roome will suffer irreparable loss if the injunction is not issued. Therefore, the order does not comply with Rule 65(d)(2), and it must be dissolved.
Because we hold that the trial court erred in issuing the preliminary injunction because it did not satisfy the requirements of Rule 65(d)(2), Ala. R. Civ. P., we pretermit any discussion of the other issues raised on appeal. Our holding should not be construed as precluding Roome from requesting the trial court to again issue a preliminary injunction should she deem such an injunction necessary.
 Conclusion
Because the trial court's order did not meet the requirements of Rule 65(d)(2), Ala. R. Civ. P., the trial court exceeded the scope of its discretion in issuing the preliminary injunction. Therefore, the preliminary injunction is due to be dissolved; the order issuing it is reversed, and the cause remanded.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, HARWOOD, and BOLIN, JJ., concur.