PITTMAN, Judge.
 

 Kish Land Company, LLC, and Bell Land of Alabama, LLC (collectively, “the defendants”), appeal from an order of the Bullock Circuit Court that, among other things, granted an injunction against them and in favor of Karter Thomas, Bennett Hutchinson, and James Easley (collectively, “the plaintiffs”). The defendants timely appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6). We reverse and remand.
 

 The plaintiffs and the defendants own various adjoining parcels of land in Bullock County, and they all use their parcels primarily for recreation. The plaintiffs’ parcels are landlocked, having no access to public roads except through one or more of the defendants’ properties that surround their parcels or through parcels belonging to entities not made parties to this case. The plaintiffs filed a complaint in June 2008 in the Bullock Circuit Court (“the circuit court”) seeking an easement by necessity, condemnation of a right-of-way,
 
 [1]
 
 and a preliminary injunction to prevent the defendants’ blocking the road the plaintiffs wanted to use to access their land during the pendency of the action.
 

 The circuit court conducted a two-day hearing in January and February 2009 that featured the testimony of two of the individual plaintiffs, a real-estate appraiser called by the defendants, and an individual who owned one of the defendant companies. After the hearing, the circuit court entered an order that granted the injunction sought by the plaintiffs, ordered the plaintiffs to pay a monthly fee to the defendants for use of the road during the pendency of the proceedings, and transferred the action to the probate court for a trial on the merits.
 
 [2]
 

 The defendants assert two primary contentions on appeal with regard to the injunction. The first is that the circuit court lacked jurisdiction to enter an injunction in this case. Alabama Code 1975, § 18-3-1 et seq., provides for the acquisition of a right-of-way by a private party whose real property is landlocked,
 
 ie.,
 
 does not abut any public road or highway. Section 18-3-3 requires that an action to acquire a
 
 *1237
 
 private right-of-way must be brought in probate court; circuit courts do not have jurisdiction over such cases.
 
 See Johnson v. Metro Land Co.,
 
 18 So.3d 962, 965 (Ala.Civ.App.2009). However, the holding in
 
 Johnson,
 
 consistent with § 18-3-3, was that the circuit court did not possess jurisdiction to condemn a private right-of-way,
 
 ie.,
 
 it did not have jurisdiction to decide the underlying case on its merits.
 
 Johnson,
 
 18 So.3d at 965. In this case, the circuit court properly did
 
 not
 
 decide the case on its merits; rather, it transferred the plaintiffs’ condemnation action to the probate court. It is the circuit court’s jurisdiction to enter an injunction, not its original jurisdiction over the underlying condemnation action, that is at issue in this ease.
 

 In the absence of specific statutory authority, probate courts lack the authority to issue injunctions: “The probate court is a court of law and, therefore, generally does not possess jurisdiction to determine equitable issues.”
 
 Lappan v. Lovette,
 
 577 So.2d 893, 896 (Ala.1991). Probate courts cannot “administer remedies except as provided by statute.”
 
 Id. See, e.g., Ex parte Creel,
 
 719 So.2d 783, 786 (Ala.1998) (in which, in holding that the probate court did have jurisdiction not explicitly conferred by statute — specifically, the authority to determine whether a common-law marriage existed — the Alabama Supreme Court relied on particularly expansive language in Ala.Code 1975, § 12-13 — 1(b)(3): “The probate court shall have original and general jurisdiction over ...
 
 [a]ll controversies in relation to
 
 the right of executorship or of administration.” (emphasis added)).
 

 The statutes governing private condemnation of a right-of-way over other privately owned land, Ala.Code 1975, § 18-3-1 through § 18-3-3, provide only for condemnation of lands by application to the probate court; no other form of relief is mentioned in the statutes. The section conferring jurisdiction upon the probate courts, § 18-3-3, is narrow, and reads in its entirety:
 

 “The right conferred by this article shall be exercised by application to the probate court of the county in which the lands over which such right-of-way is desired, or a material portion thereof are situated, and the same proceedings shall be had as in cases of condemnation of lands for public uses as provided by Chapter 1 of this title.”
 

 A probate court’s jurisdiction is limited to that provided by statute.
 
 Wallace v. State,
 
 507 So.2d 466, 468 (Ala.1987). Thus, we conclude that Alabama’s probate courts do not have jurisdiction to issue an injunction against the defendants in a case brought under § 18-3-1 et seq.
 
 [3]
 

 At the same time, Alabama’s circuit courts do have jurisdiction over equitable matters. Alabama Code 1975, § 12 — 11— 31(1), provides that the jurisdiction of the circuit courts as to equitable matters extends “to all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.” We thus conclude that the circuit court did possess jurisdiction to issue an injunction in this case.
 

 The defendants’ second contention is that the circuit court failed to comply with the dictates of Rule 65(d)(2), Ala. R. Civ. P., by failing to set forth its reasons
 
 *1238
 
 for issuing the injunction and by failing to state that the plaintiffs would suffer irreparable harm in the absence of the injunction, as the rule requires. The circuit court’s order, in pertinent part, reads as follows:
 

 “After considering the evidence and testimony presented to the Court, this Court is of the opinion that the Plaintiffs are entitled to the injunctive relief requested, and hereby issues to the Plaintiffs, Karter Thomas, Bennett Hutchinson, and Mickey Easley, a [preliminary] Injunction allowing them ingress yand egress to their property over an existing road, referred to during testimony as the ‘new’ road located on the lands belonging to the Defendants. Said Injunction is limited in nature to the Plain-tiffsf] vehicles only. The Plaintiffs are further ordered to pay collectively the sum of $100.00 per month to the Defendants as compensation for use of said road during pendency of these proceedings.”
 

 The standard of appellate review that governs our consideration of this issue was succinctly laid out by the Alabama Supreme Court in
 
 Butler v. Roome,
 
 907 So.2d 432 (Ala.2005), as follows:
 

 “ ‘ “[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court’s latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal.” ’
 
 Appalachian Transp. Group, Inc. v. Parks,
 
 738 So.2d 878, 882 (Ala.1999) (quoting
 
 Teleprompter of Mobile, Inc. v. Bayou Cable TV,
 
 428 So.2d 17, 19 (Ala.1983)). This Court has defined an abuse of discretion as discretion that ‘ “exceed[s] the bounds of reason, all the circumstances before the lower court being considered.” ’
 
 Appalachian Transp. Group,
 
 738 So.2d at 882. ‘ “Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law,” ’ and where it is clear that the trial court exceeded its discretion, the appellate court will reverse the order or the judgment. 738 So.2d at 882-83 (quoting
 
 Teleprompter of Mobile,
 
 428 So.2d at 19) (emphasis omitted).”
 

 907 So.2d at 434. The question presented is whether the circuit court violated an “established rule of law” or misapprehended controlling law, namely, Rule 65(d)(2).
 

 Alabama appellate courts consistently have reversed injunctions when granted by orders substantively identical in their language to the order in this case. In
 
 Butler,
 
 the order read: “ ‘Based upon testimony and exhibits presented at the hearing, [Butler] and his agents or others acting on his behalf are immediately enjoined, subject to further orders of the Court from the following:....’” 907 So.2d at 433. In
 
 Teleprompter of Mobile, Inc. v. Bayou Cable TV,
 
 428 So.2d 17 (Ala.1983), the Supreme Court dissolved an order that read:
 

 “This cause coming on to be heard on application for Preliminary Injunction ... and the Court hearing testimony offered and exhibits presented into evidence and the Court having duly considered all matters ... the Court at this time is of the opinion that the Preliminary Injunction should issue, and upon consideration, it is ORDERED and DECREED by the Court that a Preliminary Injunction, be, and hereby is issued in this cause ...”
 

 428 So.2d at 20. Reasons for issuance of a preliminary injunction and a statement that irreparable harm would result without
 
 *1239
 
 it must be included in an order granting an injunction, or the injunction is due to be dissolved.
 
 See, e.g., Isaak v. Grice,
 
 853 So.2d 258, 259-60 (Ala.Civ.App.2002). That is, the requirements of Rule 65(d)(2) are mandatory.
 
 Butler,
 
 907 So.2d at 434;
 
 Isaak,
 
 853 So.2d at 260.
 

 Applying those holdings of the Supreme Court and this court to the facts of this case, we must dissolve the preliminary injunction because the circuit court’s order does not satisfy the mandatory requirements of Rule 65(d)(2), Ala. R. Civ. P. Like the orders reviewed above, the circuit court’s order in this case does not contain the reasons for its issuance, nor does the order state that the plaintiffs will suffer irreparable loss if the injunction is not issued. Therefore, the order does not comply with Rule 65(d)(2), and it must be dissolved. The circuit court’s order is reversed, and the case is remanded.
 

 Because we hold that the circuit court erred in issuing the preliminary injunction because its order did not follow the requirements of Rule 65(d)(2), we pretermit any discussion of the remaining issues the defendants raise on appeal, many of which were directed at the merits of the plaintiffs’ request for an injunction or to the merits of the underlying case. Our holding should not be construed as precluding the plaintiffs’ moving the circuit court to again issue a preliminary injunction should they find it necessary.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ„ concur.
 

 [1]
 

 . The parties have since agreed that, pursuant to § 18-3-3, Ala.Code 1975, the proper court for the condemnation action would be the Bullock Probate Court. In addition to granting the injunction, the circuit court’s order transferred the case to the probate court, which was proper pursuant to § 12-11-11, Ala. Code 1975.
 

 [2]
 

 . The injunction, which is the only issue we review in this opinion, is an appealable interlocutory order under Rule 4(a)(1)(A), Ala. R.App. P.
 

 [3]
 

 . The probate courts of Jefferson and Mobile Counties are the sole exceptions, because the legislature has conferred equity jurisdiction on those probate courts through local acts.
 
 See Jett v. Carter,
 
 758 So.2d 526, 532 (Ala.1999) (Lyons, J., concurring specially), for a discussion of this matter.