PER CURIAM.
 

 R. Dale Peterson and M. Kathy Peterson appeal from an order granting James L. Lucas injunctive relief against the Pe-tersons in a property dispute.
 

 The record indicates the following. In his civil action against the Petersons, Lucas alleged that a 1998 judgment (“the 1998 judgment”) entered in an earlier action had ordered the Petersons to grant Lucas a “permanent easement for ingress and egress” (“the easement”) to certain property. In the current action, Lucas claimed that, although he had asked the Petersons to execute a document granting the easement, they had failed to do so. At the time he filed the current action, Lucas was attempting sell the property accessed by the easement. He notified the Peter-sons that the property was for sale, and he
 
 *879
 
 told them that, if he received an offer on the property, he would give them the right of first refusal to purchase the property themselves, as required by the 1998 judgment.
 

 In the current action, Lucas alleged that, after he advised the Petersons that he wished to sell the property accessed by the easement, the Petersons installed numerous fence posts along the easement and posted “unsightly” hand-made “no trespassing” signs on the fence posts. Lucas also alleged that the Petersons accumulated debris on their property along the side of the easement and that Dale Peterson had threatened Lucas’s real-estate agent after the agent posted a “for sale” sign on the highway near the property Lucas was selling.
 

 In his complaint against the Petersons, Lucas asserted a number of claims, including, among other things, claims of nuisance, tortious interference with a business relationship, and the tort of outrage, for which he sought compensatory and punitive damages. Lucas also requested in-junctive relief, including requiring the Pe-tersons to execute a document granting the easement, requiring the Petersons to abate the nuisance they had created at or along the easement, and requiring the Pe-tersons to cease interfering with Lucas’s business relationships related to his attempts to sell the property accessed by the easement.
 

 On August 2, 2010, after a hearing, the trial court entered an order requiring the Petersons to remove the fence posts and signs along the easement, to remove the brush pile and debris from the sides of the easement, to cease any other attempts designed to make Lucas’s property appear unappealing to potential purchasers, and forbidding the Petersons to communicate with Lucas’s real-estate agent. In the August 2, 2010, order, the trial court specifically reserved all other issues for future adjudication. The record indicates that litigation is continuing as to those issues.
 

 After the August 2, 2010, order was entered, the Petersons filed a motion to stay or amend the order. A hearing was held on that motion, after which the trial court entered a supplemental order, which gave Lucas and his agents or guests the right to the unobstructed use of the easement and the right to maintain the easement. The supplemental order specified that all provisions of the August 2, 2010, order were to remain in full force and effect. The supplemental order was entered on September 2, 2010. On October 12, 2010, the Petersons appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), AIa.Code 1975.
 

 The August and September 2010 orders are appealable under Rule 4(a)(1)(A), Ala. RApp. P., because they are interlocutory orders granting an injunction against the Petersons.
 
 See Jefferson County Comm’n v. Edwards,
 
 49 So.3d 685, 689 n. 3 (Ala.2010); and
 
 Kish Land Co. v. Thomas,
 
 42 So.3d 1235, 1236 n. 2 (Ala.Civ. App.2010). Rule 4(a)(1) requires appeals from an interlocutory order granting an injunction to be filed within 14 days of the date of the entry of the order or judgment being appealed. “ ‘ “The timely filing of a notice of appeal is a jurisdictional act.”
 
 Rudd v. Rudd,
 
 467 So.2d 964[, 965] (Ala. Civ.App.1985). The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal.
 
 Id.’ Allen v. Independent Fire Ins. Co.,
 
 743 So.2d 490, 492 (Ala.Civ.App.1999).”
 
 Martin v. Phillips,
 
 7 So.3d 1012, 1017 (Ala.Civ.App.2008).
 

 As Lucas points out, the initial order granting him injunctive relief was entered on August 2, 2010, and the supplemental order that was entered in response to the Petersons’ motion to stay or amend the August 2 order was filed on September
 
 *880
 
 2, 2010. We question whether the filing of the Petersons’ motion to stay or amend the August 2 order would have extended the 14-day period in which the Petersons had to appeal from the August 2, 2010, order.
 
 See Momar, Inc. v. Schneider,
 
 828 So.2d 701, 706 (Ala.Civ.App.2001) (discussing the effect of a “postjudgment” motion on the timeliness of an appeal from an interlocutory order and quoting Appendix IV, Ala. R.App. P., which states, “A notice of appeal is required in appeals from those interlocutory orders enumerated in Rule 4(a)(1)(A), (B) and (C) and must be filed within 14 days (2 weeks) as provided in such rule.”). We need not reach that issue in this opinion, however, because the notice of appeal filed in this case was untimely, even as to the supplemental order, entered on September 2, 2010. Because both the August 2 and September 2 orders are interlocutory orders granting injunctive relief, the Petersons had 14 days from the entry of those orders to file their notice of appeal. Therefore, at the latest, the Pe-tersons had until September 16, 2010, to file a timely notice of appeal. However, they did not file their notice until October 12, 2010; therefore, this appeal is untimely. This court has no jurisdiction to consider an untimely appeal.
 
 Momar, Inc. v. Schneider,
 
 828 So.2d at 707; Rule 2(a)(1), Ala. R.App. P. Accordingly, this court has no option other than to dismiss this appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 BRYAN, J., recuses himself.