WISE, Justice.
Marathon Construction and Demolition, LLC (“Marathon”), and OAX, LLC (“OAX”), the defendants below, appeal from an order entered by the Limestone Circuit Court granting injunctive relief to the plaintiff below, King Metal Recycling and Processing Corporation (“King Metal”). We reverse and remand.

Facts and Procedural History

On August 20, 2012, King Metal sued Marathon and OAX, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, interference with contractual relations, and breach of fiduciary duty/duty of loyalty. King Metal alleged that it had entered into an agreement with Marathon to purchase, demolish, and redevelop the former Delphi Industrial Complex in Limestone County (“the Delphi Project”). King Metal also alleged that OAX was formed by it and Marathon as the entity through which they would complete the Delphi Project.
King Metal alleged that it filed the complaint after becoming concerned that it was being “frozen out” of the Delphi Project. At the same time, King Metal filed an application for a prejudgment attachment of any net profits generated by the Delphi Project, “to identify the nature, amount, and location of these funds, and prevent them from being further disbursed, concealed or disposed of by the defendants.” It also filed a motion for a preliminary injunction
“a) requiring Defendants to identify, describe, and produce statements regarding any account(s) which have contained or contain any proceeds of the Delphi Project; b) freezing any net profits of the Delphi Project which are in the possession or control of the Defendants and/or any financial institution(s) or outside third party(ies) under the direction or control of the Defendants; and c) order that the net proceeds of the Delphi Project not be disbursed in any manner whatsoever, including but not limited to any of the parties of this case or any agents, principles, or affiliated entities thereof, until further order of the Court.”
*274 On August 23, 2012, the trial court entered an order for a writ of seizure in which it ordered that the net proceeds of the Delphi Project be seized. On August 28, 2012, the defendants filed a motion to quash the order for a writ of seizure, arguing, in part, that the writ was the incorrect procedure for the remedy sought and asserting that King Metal should have instead requested a temporary restraining order. King Metal filed a motion in opposition to the defendants’ motion to quash the order for a writ of seizure. The trial court scheduled a hearing on the motions for September 4, 2012.[1]
On October 2, 2012, the trial court entered an order setting aside the order for a writ of seizure and disposing of other issues raised by the parties. That order provided, in relevant part:
“The Defendants’ Motion to Quash this Court’s Order of Seizure or Prejudgment Attachment having been set before this Court on September 4, 2012 and at that time the parties made known to the Court that an agreement had been reached for the ultimate disposition of the issues raised by the motion which was presented for record at that time and after consideration of same it is therefore,
“ORDERED BY THE COURT as follows:
“1. That this Court’s August 23, 2012 Order of Writ of Seizure is set aside;
“2. Defendants shall produce selected electronic and/or hard copy records and documents related to the Delphi Project, sufficient to identify the nature, purpose, payee/payor, and amount of any and all funds received or disbursed, directly or indirectly, by any of the Parties or any other individual(s) or entity(ies) involved in the Delphi Project, as defined in the- Verified Complaint. It shall be understood that ‘nature’ and ‘purpose’ mean notations sufficient to explain what the payment was for. The selected document(s) produced shall show all monies received or disbursed, all transactions consummated, all income or funds received, all disbursements or funds paid, and the nature, amount, and complete activity for all accounts operated or maintained in connection with the Delphi Project;
[[Image here]]
“7. Defendants have represented and warranted to the Court that presently there are and have been no net profits (defined as excess funds exceeding the total debt and operating expenses of the Delphi Project) from the Delphi Project. From the date of this Order forward, Defendants are enjoined from taking, requesting, distributing, or allowing or directing the disbursement of any net profits from the Delphi Project until further order of the Court or written agreement of the parties....”
(Capitalization original; emphasis added.)
On November 13, 2012, King Metal filed a motion, which it says was filed pursuant to Rule 7, Ala. R. Civ. P., for a minor amendment of the October 2, 2012, order. Paragraph 3 of the order provided:
“The records and documents produced by Defendants pursuant to this Order shall be produced as ‘Attorneys’ and Clients’ Eyes Only.’ Plaintiff [King Metal] and its directors, officers, employees, representatives, agents, and principals shall not be entitled to make or receive any copies of the records and documents produced, and shall not be entitled to make any notes of the records and documents produced. (This restriction does not apply to counsel for Plaintiff [King *275 Metal], who shall be entitled to make and receive copies and make notes; however, those copies and notes shall not be provided to [King Metal] or its directors, officers, principals, employees, representatives, or agents)....”
(Emphasis added.) King Metal asked that the words “or receive” be stricken from the second sentence and that the third sentence be amended accordingly. On November 16, 2012, the trial court granted the motion.
On November 28, 2012, King Metal filed a motion, asking that the defendants be “enjoined from selling, transferring, leasing, or encumbering any portion of the former Delphi site absent further order of the Court or written agreement of the parties.” In support of the motion, it asserted that redevelopment of the property on which the Delphi Project is located was proceeding under the control of the defendants subject to the October 2, 2012, order, with the caveats that there had not been any net profits and that, if there were any net profits, they would be frozen pending further order of the court or agreement of the parties. King Metal also asserted that, in seeking the October 2, 2012, order, it was trying to allow the demolition work to proceed on the Delphi Project, while still protecting the rights of the parties until those respective rights could be resolved, and that every indication at the time was that the defendants intended to take down the buildings on the site and to sell the scrap materials and old equipment for profit. However, it asserted that it had learned that demolition work at the site had slowed or stopped and that it appeared that the defendants were preparing to sell, transfer, or lease some or all the property to third parties.
That same day, the trial court granted King Metal’s motion, stating simply:
“[King Metal’s] motion to enjoin sale, transfer, lease or encumbrance of the Delphi Property filed by King Metal Recycling & Processing Corp. is hereby granted.”
On November 29, 2012, the defendants filed an emergency motion to dissolve the order, and King Metal filed an opposition to that motion. On December 17, 2012, the trial court conducted a hearing and denied the defendants’ motion to dissolve the November 28, 2012, order. These appeals followed.[2] We have consolidated the appeals for the purpose of writing one opinion.

Standard of Review

[1,2] “ ‘We have often stated:
“The decision to grant or to deny a preliminary injunction is within the trial court’s sound discretion. In reviewing an order granting a preliminary injunction, the Court determines whether the trial court exceeded that discretion.” SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 709 (Ala.2005).
“ ‘A preliminary injunction should be issued only when the party seeking an injunction demonstrates:
“ ‘ “ ‘(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no adequate remedy at law; (3) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unrea *276 sonably outweigh the benefit accruing to the [party seeking the injunction].’ ”
“‘Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003) (quoting Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994)).’ ”
Colbert Cnty. Bd. of Educ. v. James, 83 So.3d 473, 477-78 (Ala.2011) (quoting Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1175-76 (Ala.2008)).

Discussion

The defendants argue that the trial court erred in entering the preliminary injunction and that the preliminary injunction should be dissolved. Specifically, they contend that it did not comply with the requirements of Rule 65, Ala. R. Civ. P., for entering a preliminary injunction because the trial court issued the injunction without conducting a hearing, without requiring a security bond, and without setting forth the reasons for the injunction and the specific acts to be enjoined.[3] For the reasons set forth below, we agree. However, we must first dispose of an argument raised by King Metal.
King Metal argues that the trial court’s November 28, 2012, order did not constitute a new preliminary injunction and that, therefore, compliance with the requirements of Rule 65 was not necessary. Specifically, King Metal contends that the October 2, 2012, order, which enjoined certain activities of the defendants, was the controlling order and that the November 28, 2012, order was merely a clarification and enforcement of the preliminary-injunction aspect of the October 2, 2012, order rather than a new preliminary injunction. Accordingly, King Metal asserts that its motion was a motion seeking the amendment of an order and was filed pursuant to Rule 7, Ala. R. Civ. P., rather than a motion for a preliminary injunction filed pursuant to Rule 65.
King Metal styled its motion as a “Motion to Enjoin Sale, Transfer, Lease, or Encumbrance of the Delphi Property Absent Court Order,” and it stated, in the first line of the motion, that it was proceeding “[p]ursuant to Rule 7,” Ala. R. Civ. P. However, “ ‘[t]he substance of a motion and not its style determines what kind of motion it is.’ ” Cornelius v. Browning, 85 So.3d 954, 958 n. 2 (Ala.2011) (quoting Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)). Although King Metal cited Rule 7 in the motion and made references to the October 2, 2012, order, it did not specifically ask the trial court to amend, clarify, or enforce the October 2, 2012, order. In fact, whereas the October 2, 2012, order “enjoined [the defendants] from taking, requesting, distributing, or allowing or directing the disbursement of any net profits from the Delphi Project until further order of the Court or written agreement of the parties,” the November 28, 2012, order granted a motion in which King Metal sought to enjoin the defendants “from selling, transferring, leasing, or encumbering any portion of the former Delphi site absent further order of the Court or written agreement of the parties.” Thus, the November 28, 2012, order, which focused on the disposition of the “former Delphi site,” was much broader than the October 2, 2012, order, which focused solely on the distribution or disbursement of net profits from the Delphi Project. Also, in its November 28, 2012, motion, King Metal did not specifically ask the trial court to clarify *277 or enforce the October 2, 2012, order, and the trial court did not state in the November 28, 2012, order that it was clarifying or enforcing the October 2, 2012, order. Finally, during the hearing on the motion to dissolve the November 28, 2012, order, the trial court stated that it had issued a preliminary injunction and did not give any indication that, by issuing the November 28, 2012, order, it intended merely to clarify or enforce the October 2, 2012, order. Therefore, we conclude that the trial court’s November 28, 2012, order was a new preliminary injunction and that it did not merely clarify or enforce the October 2, 2012, preliminary-injunction order upon which the parties had agreed.
We now address the defendants’ arguments that the trial court did not comply with the requirements set forth in Rule 65, Ala. R. Civ. P., governing injunctions.
First, the defendants contend that the trial court did not comply with the requirements of Rule 65(a)(1), Ala. R. Civ. P., because it issued the injunction within hours after King Metal requested it, without conducting a hearing. Rule 65(a)(1), Ala. R. Civ. P., provides that “[n]o preliminary injunction shall be issued without notice to the adverse party.”
In Blount Recycling, LLC v. City of Cullman, 884 So.2d 850, 855 (Ala.2003), this Court explained:
“As the Court of Civil Appeals recognized in Bamberg v. Bamberg, 441 So.2d 970, 971 (Ala.Civ.App.1983), while Rule 65, Ala. R. Civ. P., ‘does not explicitly require that oral testimony be presented at a preliminary injunction hearing, some type of evidence which substantiates the pleadings is implicitly required by subsection (a)(2) of the rule.’ The Court of Civil Appeals in Bamberg continued, stating: ‘In order to comply with procedural due process, notice and an opportunity to be heard are necessary under Rule 65(a).’ Id.
“In this case it appears that the circuit court did not conduct a hearing on the Commission’s petition for a preliminary injunction; therefore, the Commission did not present any evidence and Blount Recycling was not given an opportunity to be heard. The injunction must be dissolved for failure to comply with Rule 65(a), Ala. R. Civ. P., and the cause remanded.”
Similarly, in this case, it appears that the trial court did not conduct a hearing on King Metal’s motion for a preliminary injunction. Clearly, King Metal, which filed only an unverified motion in support of the preliminary injunction, did not present any evidence, and the defendants were not given an opportunity to be heard in opposition to the motion.[4] See Bamberg v. Bamberg, 441 So.2d 970, 971 (Ala.Civ.App.1983) (noting that “at a preliminary injunction hearing an unverified pleading, without proof of its averments, is insufficient in and of itself upon which to base the issuance of a preliminary injunction”). Therefore, the trial court did not comply with the requirements of Rule 65(a).[5]
*278 Second, the defendants contend that the trial court did not comply with the requirements of Rule 65(c), Ala. R. Civ. P., because it issued the injunction without requiring King Metal to post a security bond before it issued the November 28, 2012, preliminary injunction. Rule 65(c) provides:
“No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained; provided, however, no such security shall be required of the State of Alabama or of an officer or agency thereof, and provided further, in the discretion of the court, no such security may be required in domestic relations cases.”
In Spinks v. Automation Personnel Services, Inc., 49 So.3d 186, 190 (Ala.2010), this Court stated:
“Also, ‘ “there are [other] necessary exceptions to such an absolute holding in all cases under Rule 65(c), such as requiring only a nominal security, or where the litigant is impecunious or the issue is one of overriding public concern.” ’ Anders [ v. Fowler ], 423 So.2d [838,] 840 [ (Ala.1982) ] (quoting Lightsey[ v. Kensington Mortg. & Fin. Corp.], 294 Ala. [281,] 285, 315 So.2d [431,] 434 [ (1975) ], citing in turn Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2954, p. 529).”
King Metal does not argue that any of the exceptions to the requirement of a security bond apply in this case. Instead, it contends that, because the October 2, 2012, order upon which the parties agreed did not require a bond, the November 28, 2012, order, which King Metal argues merely clarified or enforced the October 2, 2012, order, did not require the posting of a bond. Because we have already rejected King Metal’s argument that the November 28, 2012, order was merely a clarification and enforcement of the October 2, 2012, preliminary injunction rather than a new preliminary injunction, we likewise reject its argument that the November 28, 2012, order did not require the posting of a security bond.
“Alabama law ... clearly provides that ‘[i]t is mandatory that security be given under Rule 65(c), “unless the trial court makes a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist.” ’ Anders [ v. Fowler ], 423 So.2d [838,] 840 [ (Ala.1982) ] (quoting Lightsey[ v. Kensington Mortg. & Fin. Corp.], 294 Ala. [281,] 285, 315 So.2d [431,] 434 [ (1975) ]) (emphasis added); see also Chunchula Energy Corp. v. Ciba-Geigy Corp., 503 So.2d 1211, 1215 (Ala.1987) (stating that the provisions of Rule 65(c) are ‘mandatory’). Furthermore, this Court has long recognized the above-stated rule. See Ex parte Miller, 129 Ala. 130, 133, 30 So. 611, 612 (1901) (stating that ‘[t]here can be no injunction ... until the bond has been given’) (quoted with approval in Anders, 423 So.2d at 840, and Lightsey, 294 Ala. at 284, 315 So.2d at 433)....
“Here, the trial court issued a preliminary injunction without requiring APS to give security as mandated by Rule 65(c), Ala. R. Civ. P. Furthermore, the trial court failed to make ‘a specific finding based upon competent evidence that one or more of the exceptions, stating them, do exist.’ Anders, 423 So.2d at 840. As noted, ‘there can be no injunction ... until the bond has been given.’ Anders, 423 So.2d at 840 (quoting Ex *279 parte Miller, 129 Ala. at 133, 30 So. at 612, quoted with approval in Lightsey, 294 Ala. at 285, 315 So.2d at 434). Accordingly, ‘[u]nder the clear mandate of Rule 65(c), and the previous decisions of this court, we have no alternative but to reverse and remand.’ Anders, 423 So.2d at 840; see also Chunchula Energy Corp., 503 So.2d at 1215-16 (stating that an injunction issued without the giving of security by the applicant ‘is defective and due to be reversed’).”
Spinks, 49 So.3d at 191. Similarly, because the trial court did not require King Metal to give security and did not make a specific finding that any of the exceptions to the requirement of giving security existed, it did not comply with the requirements of Rule 65(c).
Third, the defendants contend that the trial court did not comply with the requirements of Rule 65(d)(2), Ala. R. Civ. P., because it did not set forth its reasons for issuing the injunction and did not describe the acts to be enjoined. Rule 65(d)(2) provides, in relevant part:
“Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.... ”
In this case, it is clear that the November 28, 2012, order does not comply with Rule 65(d)(2). The trial court did not set forth any reasons for the issuance of the preliminary-injunction order. See Butler v. Roome, 907 So.2d 432 (Ala.2005). In fact, the order made no reference to whether King Metal had demonstrated the factors set forth in Holiday Isle, supra, necessary to the issuance of a preliminary injunction. Also, the trial court did not describe the act or acts sought to be restrained. At most, it merely referenced King Metal’s motion in support of the order, which is expressly prohibited by Rule 65(d)(2). “Pursuant to Rule 65[ (d)(2) ], it is mandatory that a preliminary-injunction order give reasons for the issuance of the injunction, that it be specific in its terms, and that it describe in reasonable detail the act or acts sought to be restrained.” Monte Sano Research Corp. v. Kratos Defense & Sec. Solutions, Inc., 99 So.3d 855, 863 (Ala.2012). See also D.M.C. Enters., Inc. v. Hope, 100 So.3d 1102, 1108 (Ala.Civ.App.2012) (noting that “[t]he trial court’s one-sentence order granting Hope’s motion [for injunctive relief] does not contain any of the required information”). Because the trial court did not set forth its reasons for issuing the injunction and did not describe the acts to be enjoined in the November 28, 2012, order, its order did not comply with Rule 65(d)(2).

Conclusion

For the above-stated reasons, we conclude that the trial court’s November 28, 2012, order was a new preliminary injunction rather than a clarification or an enforcement of the October 2, 2012, preliminary-injunction order. We also conclude that the trial court exceeded the scope of its discretion in issuing the November 28, 2012, preliminary injunction because it did not comply with the requirements set forth in Rule 65, Ala. R. Civ. P., when it entered the order.[6] Therefore, we reverse the trial court’s November 28, 2012, order and remand this case with instructions that the *280 trial court dissolve the preliminary injunction it issued on November 28, 2012. However, this decision should not be interpreted as precluding King Metal, should it deem it necessary, from asking the trial court to again issue a preliminary injunction, provided that any such injunction complies with Rule 65, Ala. R. Civ. P.
1120310 — REVERSED AND REMANDED.
1120368 — REVERSED AND REMANDED.
MOORE, C.J., and STUART and PARKER, JJ., concur.
SHAW, J., concurs in part and concurs in the result.

. The record before this Court does not in-elude a transcript of that hearing.

. The defendants separately appealed both the trial court’s grant of the preliminary injunction and the trial court's refusal to dissolve the preliminary injunction. See Rule 4(a)(l)A, Ala. R.App. P.

. The defendants make other complaints about the trial court's November 28, 2012, order, including arguments that the trial court did not comply with the requirements set forth in Holiday Isle, supra. Because the trial court’s failure to comply with the requirements of Rule 65 is dispositive, we need not reach the other arguments.

. King Metal argues that the December 17, 2012, hearing constituted a hearing for the purposes of Rule 65(a). However, it does not cite any authority in support of that proposition. Rather, King Metal merely cites a case that addresses whether a party received sufficient notice of a hearing on a motion for a preliminary injunction. Therefore, it has not complied with Rule 28(a)(10), Ala. R.App. P., and we will not address its argument in this regard.

. Although Rule 65(b) allows for temporary restraining orders to be entered without notice, the parties do not appear to argue that the November 28, 2012, order was a temporary restraining order.

. In this regard, we note that the trial court was apparently aware of the fact that it had not complied with Rule 65 when it issued the November 28, 2012, preliminary-injunction order. During the December 17, 2012, hearing on the motion to dissolve the November 28, 2012, preliminary-injunction order, the trial court admitted that it frequently issues injunctions "that don’t comply with Rule 65 because of the immediacy and the need.”