SHAW, Justice
(concurring in the result).
The preliminary-injunction order in this case does not explicitly state the reasons for its issuance; instead, it can be read to incorporate, by reference, the reasons provided in Hazel Colley’s motion for injunc-tive relief.
Rule 65(d)(2), Ala. R. Civ. P., states that an “order granting an injunction shall set forth the reasons for its issuance.... ” I am concerned that this language does not necessarily preclude incorporating those reasons from another document. Specifically, I note that Rule 65(d)(2) only explicitly forbids incorporation by reference of a description of the acts to be restrained: *285 “[the order] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained....” On the other hand, the rule states that the “reasons for its issuance” are to be “set forth,” but this requirement does not include a prohibition on referring to another document.
Because there is an explicit prohibition on referring to other documents as to one component of the order (the act sought to be restrained), but not another (the reasons for its issuance), one could reasonably conclude that reference to another document might be acceptable for the latter.[8] Such a distinction is reasonable: the party restrained by the injunction needs to know precisely what acts are or are not permitted; thus, the issuing court should independently state the restrictions to ensure that they are clear.[9] However, a party does not, necessarily, need the issuing court to independently describe the reasons for the injunction. An appellate court is more than able to review in the record any documents referred to that might provide the issuing court’s reasons. Under this analysis, the trial court’s order in the instant case is sufficient to comply with Rule 65(d)(2).
The caselaw, however, is not on my side. See, e.g., Monte Sano Research Corp. v. Kratos Defense & Sec. Solutions, Inc., 99 So.3d 855, 863 (Ala.2012) (“[A]n examination of the trial court’s order reveals that it violated Rule 65(d)(2), Ala. R. Civ. P., by failing to provide the reasons for the issuance of the injunction....”); Butler v. Roome, 907 So.2d 432, 435 (Ala.2005) (“[T]he trial court’s order in this case does not contain the reasons for its issuance. ...”); and Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 20 (Ala.1983) (“It is apparent the order does not comply with Rule 65(d)(2). There are no reasons given for the issuance of the preliminary injunction_”).[10] These precedents are not challenged on appeal; therefore, stare decisis advises me to follow them. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002) (“Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.”), and Clay Kilgore Constr., Inc. v. Buchalter/Grant, L.L.C., 949 So.2d 893, 898 (Ala.2006) (noting the absence of a specific request by the appellant to overrule existing authority and stating that, “[e]ven if we would be amenable to such a request, we are not inclined to abandon precedent without a specific invitation to do so”). I therefore concur in the result.

. Because Rule 65 is a rule of this Court, I do not believe that separation-of-powers concerns require us to apply the plain-language rule of statutory construction.

. See also Rule 65(d)(1), which provides that the acts to be restrained by a restraining order shall be "describe[d] in reasonable detail, and not by reference to the complaint or other document....”

.As to this point, the decision in Marathon Construction & Demolition, LLC v. King Metal Recycling & Processing Corp., 129 So.3d 272 (Ala.2013), cited in the main opinion, was joined by only four Justices: As to "that part of the discussion that addresses the lack of compliance with Rule 65(d)(2), Ala. R. Civ. P.,” I expressed no opinion. 129 So.3d at 280 (Shaw, J., concurring in part and concurring in the result). My concerns in Marathon were those I express now.