SHAW, Justice
(dissenting).
What is now Ala.Code 1975, § 12-11-11, was originally enacted as § 4 of Act No. 725, Ala. Acts 1915. That entire act dealt with the transfer of a case erroneously filed in the law or equity “side” of the circuit court to the proper “side” of that court. When codified as part of the Code of Alabama 1940, what is now § 12-11-11 stated:
“Whenever it shall appear to any court of law or equity that any cause filed therein should have been brought in another court of like jurisdiction in the same county, the court shall make an order transferring the cause to the proper court....”
Ala.Code 1940, Tit. 13, § 156.
Although ostensibly dealing with transfers between the law and equity “sides” of the circuit courts, the section was also used as a mechanism to transfer cases, in counties in which the court sat in divisions, from one division of the circuit court to another division of that circuit court in that county. See, e.g., Ex parte Central of Georgia Ry., 243 Ala. 508, 513, 10 So.2d 746, 750 (1942). This prior version of § 12-11-11 clearly applied only to the transfer of a circuit court case to another court of equal — “like”—jurisdiction.
In the 1975 recodification of the Alabama Code, the Code section was altered to remove the language referring to “law or equity” and requiring a transfer to a court of “like jurisdiction.” It now states:
“Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court....”
§ 12-11-11.
It is not immediately clear what court is “the court” designated in the first clause. The Code section then refers to “another court in the same county,” which would tend to indicate that “the court” first mentioned operates in a county. The original act, Act No. 725, expressly applied to circuit courts. Further, § 12-11-11 is placed in Chapter 11 of Title 12, which governs circuit courts. I thus read § 12-11-11 to apply only to circuit courts and to direct only circuit courts to transfer cases.
As noted above, the language of § 12-11-11 no longer directs that the transfer be made to a court of “like jurisdiction.” This omission suggests that the section is no longer limited to a “horizontal” or “lateral” transfer to a court of equal or “like” jurisdiction but that a “vertical” transfer by the circuit court to a lower court is now possible.[2] However, § 12-11-11 has not, as far as my research reveals, ever been held to require a “vertical” transfer from a circuit court to a lower court.[3] Given the history of the Code section, as recounted above, there is reason to suspect that it was never “intended” to do so.
Further, when a court lacks jurisdiction, it has no power to transfer an action. See Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 319 (Ala.2011) (“When a circuit court lacks subject-matter jurisdiction, all orders and judgments entered in the case, except an order of dismissal, are void ab initio.” (emphasis added)), and Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008). *1251 Given the history of the Code section, nothing suggests that it was “intended” to expand the jurisdiction of the circuit court to allow it the ability to transfer an action over which it had no jurisdiction.
Nevertheless, it is well settled that when “[t]he language of [a] Code section is clear[,] there is nothing to construe [and] no need to attempt to divine the ‘intent’ of the legislature...." Ex parte Ankrom, 152 So.3d 397, 431 (Ala.2013) (Shaw, J., concurring in part and concurring in the result). Section 12-11-11, by its terms, could be read to permit (and direct) the Walker Circuit Court in this case to transfer the action challenging the adoption to the Walker County Probate Court, which would be the “proper court” of that “same county” where the action “should have been brought.” [4]
This Court’s prior decision remanded the case to the Court of Civil Appeals “for further proceedings consistent with this opinion.” Ex parte O.S., 205 So.3d 1233, 1242 (Ala.2014). The Court of Civil Appeals then reversed the circuit court’s decision and instructed it to enter a judgment dismissing, for lack of subject-matter jurisdiction, E.S.’s action. O.S. v. E.S., 205 So.3d 1244 (Ala.Civ.App.2015) (opinion after remand). E.S. filed a motion to amend that decision, which motion the Court of Civil Appeals treated as an application for rehearing. E.S.’s ■ argument as to § 12-11-11 was as follows:
“[E.S.] requests this Court to amend its Order of February 27, 2015, and enter an Order consistent with the direction from the Supreme Court of Alabama, and consistent with § 12-11-11, Ala.Code (1975). At the trial level, [E.S.] sought, as an alternative remedy, transfer of the case to the probate court.... § 12-11-11 is compulsory: ‘Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court ... ’ (emphasis added). The first opportunity for the circuit court to transfer the case is when this Court returns to it jurisdiction. The Order of remand should be modified to direct the circuit court to make this statutorily required transfer.”
Although a transfer by the circuit court under § 12-11-11 would be consistent with this Court’s decision, given that § 12 — 11— 11 has never been held to require a circuit court to make the type of transfer requested, that the decisions applying the Code section show a completely different application, and that § 12-11-11 has never been interpreted to expand the jurisdiction of the circuit court to allow it to transfer a case when no jurisdiction exists, I do not believe that E.S.’s application for rehear *1252 ing contained sufficient argument or authorities to explain and support the contention that a transfer under § 12-11-11, and not a dismissal — the usual result when a trial court lacks jurisdiction — was required. See Rules 28(a)(10),[5] 40(b),[6] and 40(g),[7] Ala. R.App. P. Therefore, the issue whether the Court of Civil Appeals’ decision was, in light of § 12-11-11, inconsistent with this Court’s mandate was waived, and that court was justified in refusing to tread new ground. Because the issue forming the basis of the main opinion in the instant appeal was waived, I believe that the Court of Civil Appeals’ decision is due to be affirmed. I thus respectfully dissent.
MURDOCK, J., concurs.

. There is no county-level court above the circuit court.

. In Kish Land Co. v. Thomas, 42 So.3d 1235, 1236 n. 1 (Ala.Civ.App.2010), the Court of Civil Appeals noted that the circuit court in that case transferred a claim to the probate court, and that the transfer was "proper pursuant to § 12-11-11.” However, this comment was gratuitous; there is no actual holding in Kish Land to that effect.

. I have some concerns that the function of this Code section might be redundant. Alabama Code 1975, § 12-11-9, specifically allows misfiled cases to be transferred from the circuit court to the district court; that Code section was enacted in 1975. Further, several Code sections deal with the transfer of cases between the circuit court and the probate'court. See, e.g., Ala.Code 1975, 12 — 11— 41.1. It would appear that, following the merger of law and equity, the original purpose of Act No. 725, including the prior version of § 12-11-11, no longer existed. Because transfers to lower courts were covered by other Code sections, § 12-11-11 was probably retained and amended to preserve its other historical use as a means to transfer cases between divisions in the circuit courts. On the other hand, perhaps § 12-11-11 is a “catchall” provision that allows a greater flexibility to transfer cases. Such inference, however, is limited by the facts that only circuit courts would possess this ability and that the only transfers that would result under this section would be certain transfers to probate courts.

. "The brief of the appellant ... shall contain ... [a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.”

. "The application for rehearing must state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended. The brief in support of the application must contain any arguments in support of the application the petitioner desires to present."

."The application for rehearing may be a separate document or may be included at the beginning of the applicant’s brief. The brief shall be in a form prescribed by Rule[] 28....”